Tomlin v. The Farmers & Merchants Bank.

J. FRANK TOMLIN *et al.*, Respondents, v. THE FARMERS & MERCHANTS BANK, Appellant.

### Kansas City Court of Appeals, January 16, 1893.

1. **Corporations**: ELECTION OF DIRECTORS: RIGHT TO CUMULATIVE VOTING: SILENCE. The right of the shareholders of a corporation to vote in the election of directors on the cumulative plan is one guaranteed by law, constitutional and statutory, is personal to them to be exercised as each may for himself elect, and cannot be taken away by resolution or by-law adopted by a majority of the shareholders, and such right will not be affected by mere silent acquiescence in the act of others.

2. ———: ———: SETTING ASIDE ELECTION OR INSTALLING ELECTED DIRECTORS. In a proceeding under sections 2520 and 2521, Revised Statutes, 1889, to inquire into the election of the directors of a corporation, where the report of the inspectors shows they have followed the law and certified and returned all the votes as cast, and the wrong is in the organization of the directory in recognizing as a director A, not elected, instead of B, who was elected, it is error to set aside the election, but the court should oust A and seat B. unless something transpired which prevented votes being tendered in accord with the free will of the voting stockholders.

3. ———: ———: ———: ———. *Arguendo* the following rules are discussed: When legal votes tendered by the complaining party are rejected, he thereby falling short of a majority cast, he cannot be installed, and a new election should be ordered. In New Jersey if the received and rejected votes make a majority for the complaining party, he should be seated without a new election.

4. ———: ———: AGREEMENT TO VOTE FOR CERTAIN PARTIES. Whether an agreement of certain stockholders, expressed to be for the benefit of the corporation, not to sell stock or grant proxies, or vote for any one outside of their number, is against public policy, is not decided, since, if void, it is harmless and free from immorality, and it is a dangerous precedent to permit an inquiry into the motive of the shareholder in choosing a directory.

*Appeal from the Pettis Circuit Court.*—HON. RICHARD FIELD, Judge.

REVERSED.

*Sangree & Lamm,* for appellant.

(1)   The so-called contract between the holders of eighty shares of stock to keep the same scattered and control the policy of the bank to that end was not an illegal or unfair confederating, nor was it against public policy.   The majority of the stockholders have the clear right to unite on the policy to be pursued by them. *Faulds v. Yates,* 57 Ill. 416; 11 Am. Rep. 11; 1 Lawson's Rights, Remedies & Practice, p. 811; 1 Morawetz on Private Corporations [2 Ed.] sec. 477, and note 1 on p. 451, and authorities cited; *Havemeyer v. Havemeyer,* 43 N. Y. Sup. Ct. 506; Cook's Stock & Stockholders & Corporation Law [2 Ed.] sec. 618, and notes; *Cone's Ex'rs v. Russell,* 21 Atl. Rep. 847; *Fell's Appeal,* 91 Pa. St. 434.   The contract is not obnoxious to the cumulative system of voting.   *Pierce v. Commonwealth,* 104 Pa. St. 150; Abbott's Trial Evidence, 364; *Corder v. Straszer,* 8 Mo. App. 61. (2) The election was legal.   The cumulative system was used. Tomlin's partisans voted cumulatively; their votes were received and fairly counted and reported as "multiplied votes."   *Pierce v. Commonwealth,* 104 Pa. St., *supra;* Revised Statutes, 1889, sec. 2490; Constitution, art. 12, sec. 6.   No legal vote was rejected.   Hence, it was error for the court to order a new election.   "The circumstances and justice of the case" did not require it. Cook's Stock & Stockholders & Corporation Law [2 Ed] sec. 616; Revised Statutes, 1889, sec. 2521; McCrary on Elections [3 Ed.] sec. 531.   These twelve men were entitled to the offices they held.   Can they be taken from them by a summary proceeding against the corporation itself to which they are not parties? Tomlin should have, possibly, been allowed to have the benefit of a writ in the nature of a *quo warranto* against Vaughan, if he would not surrender otherwise.   The

statute under which this proceeding is brought contemplates this. Revised Statutes, 1889, sec. 2522. And the courts have sanctioned that remedy. *State ex rel. v. Farris*, 45 Mo. 183; *State ex rel. v. Kupferle*, 44 Mo. 154; *Commonwealth v. Graham*, 67 Pa. St. 339; *People v. Tibbitts*, |4 Cow. 358; *Creek v. State*, 77 Ind. 180; *State v. McDaniel*, 22 Ohio St. 354. The petition alleges that John Elliott was elected. The proof shows that he received a unanimous vote. By some droll irony he failed of an election at the new election held under the court's order. Can he be robbed of his office without his day in court? If no director but Elliott was legally elected his election should stand, and it was error to hold otherwise. *Vandenburgh v. Railroad*, 29 Hun, 348; *Wright v. Commonwealth*, 109 Pa. St. 560; McCrary on Elections [3 Ed.] secs. 630, 631    (3) When an election is held by duly appointed officers the presumption is that the votes they received and counted are legal, and it devolves upon him who asserts their illegality to show it. *Gumm v. Hubbard*, 97 Mo. 317. It does not appear from the record that, if Tomlin had demanded his office as director after the election, he would have been denied the same. He should have asked redress at the hands of the corporation. *Albers v. Merchants Exchange*, 45 Mo. App. 207.

*Jackson & Montgomery*, for respondents.

(1) The stockholders in the defendant corporation were entitled to vote their stock on the cumulative plan, and it was in violation of the law of this state to elect directors in any other manner. Constitution, art. 12, sec. 6; Revised Statutes, 1889, sec. 2490. (2) Any by-law of the corporation and any contract among any of its stockholders, in conflict with this constitutional and statutory provision, are void. *People v. Phillips,*

1 Denio, 398; *Fisher v. Bush*, 35 Hun, 641. (3) The rejection of the legal votes cast by the plaintiffs, and the refusal to count them as cast, invalidated the whole election. *In re Railroad*, 19 Wend. 37; s. o., 32 Am. Dec. 429, and note, p. 437. And the remedy in such case was a new election. Angell & Ames on Corporations, sec. 138; *People v. Phillips*, 1 Denio, 396. Legal votes having been rejected by the inspectors, the court could not count them for either party, especially as most of the votes cast were illegal. *Hartt v. Harvey*, 19 How. Pr. 252. The court was expressly authorized to order a new election by section 2521, Revised Statutes, 1889.

ELLISON, J.—This is a proceeding under sections 2520, 2521, Revised Statutes, 1889, whereby plaintiffs seek to have an election of directors for the defendant bank set aside and a new one ordered. Their petition was granted below after being duly heard, and defendant has brought the case here.

Plaintiffs and many others were stockholders in the defendant corporation formed for banking purposes. The stockholders met in the office of the bank on January 6, 1891, for the purpose of electing directors for the ensuing year. At this meeting the following resolution or motion was introduced by a shareholder, and carried, for the purpose of governing the election, viz.:

"Mr. President, I move you that we proceed to elect thirteen directors for the ensuing term in accordance with our by-laws, each shareholder being entitled to one vote for each share held by them, or proxies; to vote for thirteen different directors, and that the thirteen different names receiving the highest number and a majority of the shares voted be declared the duly elected directors."

"Motion carried almost unanimously. There was in evidence for plaintiffs an agreement among certain stockholders whereby they agreed upon their honor not to sell their stock or vote for directors except to and for those signing the agreement. Plaintiffs refused to render obedience to the resolution and voted on what is known as the cumulative plan; a plan the resolution was designed to prevent. The cumulative vote by stockholders is authorized by the constitution and laws of this state. Constitution, art. 12, sec. 6; Revised Statutes, 1889, sec. 2490. By that plan the stockholder may cast a number of votes equal to the number of shares held by him multiplied by the number of directors to be voted for, and he may distribute the total of such vote as he may desire, among the directors to be elected. As stated by the supreme court of Pennsylvania, speaking of a similar provision, in *Pierce v. Commonwealth*, 104 Pa. St. 154: "This section to us seems very plain and unambiguous. If there are six directors to be elected, the single shareholder has six votes, and, contrary to the old rule, he may cast those six votes for a single one of the candidates, or he may distribute them to two or more of such candidates as he may think proper. He may cast two ballots of each of three of the proposed directors, three for two, or two for one and one each for four others, or, finally, he may cast one vote for each of the six candidates."

After the adoption of the resolution as above set forth, the election was proceeded with; the inspectors certified to the following vote, viz.:

|  | Shares of stock. |  | Shares of stock. |
|---|---|---|---|
| M. Doherty | 83 | J. F. Mitchell | 83 |
| R. H. Nelson | 79 | B. F. Stephens | 81 |
| J. A. Fults | 83 | John Elliott | 102 |
| M. H. Brown | 83 | C. W. Leabo | 78 |
| B. F. Stephens | 83 | Geo. E. Hollenbeck | 83 |
| J. H. Crawford | 79 | Jas. Vaughan | 77 |
| John Spickert | 83 | | |

Tomlin v. The Farmers & Merchants Bank.

|  | Shares of stock. | Multi- plied vote. |
|---|---|---|
| J. F. Tomlin...... ............ | 19 | ............. ........... ..... 84 |
| Jas. McCampbell................. | 21 | .............................. 61 |
| C. H. Fisher ..................'.... | 19 | .. . .......................... ..... 43 |
| John Laney............. ......... | 19 | ............................ 30 |
| Wm. Martin................ ...... | 5 | .............................. 44 |
| E. H. Hall..................... | 7 | .............................. 3 |
| R. Denny................... ...... | 3 |  |
| G. W. Rayburn........... ...... | 2 |  |
| Total, 1293 and 102 shares voted. · |  |  |

(Signed)    WM. BAKER,
E. H. HALL,
E. DURAND,
Inspectors.

The inspecting board, having made the above report to the president of the meeting, he declared the following-named men duly elected directors for ensuing year: "M. Doherty, J. F. Mitchell, Henry Nelson, B. F. Stephens, J. A. Fults, John Elliott, M. H. Brown, C. W. Leabo, B. F. Stevens, Geo. E. Hollenbeck, J. H. Crawford, Jas. Vaughan and John Spickert, on the grounds of their receiving the highest number of stock voted." This board organized by electing officers and taking charge of the affairs of the bank.

It appears by these proceedings that by the plan of voting under the foregoing resolution the directors declared to be elected were elected, but by the cumulative plan as carried out by plaintiffs, Tomlin and others, he was elected. It also appears that he was not so recognized, and that the resolution was considered and obeyed by the directory, as organized, as the law directing and governing the election. The question then is, is such resolution contrary to the letter, spirit and intention of the constitution and statute on the subject of such elections and the rights of stockholders? A reading of the resolution and the law is a full answer to the question. They are in direct antagonism. The further question then occurs, can a majority of the stockholders of a corporation control the law as to the corporation, or place it in abeyance? The answer

to this is evident from the mere statement. The right is one guaranteed by the law, constitutional and statutory, it is personal to the stockholder, it can be exercised or not by such stockholder as he may himself elect. *Pierce v. Commonwealth*, 104 Pa. St. 155. It, therefore, cannot be taken from him by a resolution or by-law adopted by a majority of shareholders.

It is stated by counsel that these plaintiffs sat by in silence when this resolution was adopted, and that the election proceeded under it without protest from them. It is however quite apparent that the privilege of cumulative voting is such a right as will not be affected by mere silent acquiescence in the act of others. The personal privilege is at the volition of the stockholder up to the time of casting his vote.

The question next presented by counsel is, whether in the status of this case the trial court should not have declared plaintiff Tomlin elected and installed him instead of setting aside the election and ordering another. The rule is stated that, when legal votes tendered for the complaining party are rejected, he thereby falling short of a majority cast, yet he cannot be installed since he has not been elected by the vote received or cast; and a new election is ordered. *In re Long Island Ry. Co.*, 19 Wend. 37; *State v. McDaniel*, 22 Ohio St. 354; *State v. Swearingin*, 12 Ga. 23; *People v. Phillips*, 1 Denio, 388. It is, however, held in New Jersey, under a statute substantially like ours, that if the legal votes rejected were, together with those cast for the complaining party, a majority of the total outstanding stock of the corporation, no new election would be ordered, and the complainant would be seated. 1 Beach on Private Corporations, sec. 302; *In re Cape May & D. B. N. Co.* (1889), 15 Atl. Rep. 191; *In re Steamboat Co.*, 44 N. J. Law, 529. The language of the latter case would seem to authorize the installation of a

complainant, in some instances where justice seemed to demand it, who had a majority of legal votes counting those cast and tendered, although they were short of a majority of the total stock outstanding.

We are. not compelled to chose between these' authorities, if they may be considered in antagonism, for in the case at bar there were no votes rejected by the inspectors; they were certified and returned by those officers as cast. The inspectors appear to have complied with sections 2484, 2490, Revised Statutes, 1889. The wrong was perpetrated in the *organization* of the directory and not in their election. By the organization, Vaughan, who was not elected, was recognized and acted as a director, while plaintiff Tomlin, who was elected, as duly appeared by the return and certificate of the inspectors, was not recognized. Under these circumstances, ordinarily, the court should have ousted Vaughan and seated Tomlin. This should have been done unless it is apparent from the proceeding had at the election, that "the circumstances and justice of the case shall seem to require" some other disposition. The court did not install Tomlin, but, as has been stated, set aside the entire election and ordered another. Such action of the court could not have been based upon the idea that the illegal resolution against cumulative voting had been obeyed by the inspectors, for they, as a matter of fact, disobeyed the resolution and obeyed the law by actually receiving and counting all cumulative votes tendered them. Unless, then, something transpired which prevented votes being tendered in accord with the free will of the voting stockholders, we must hold the court's conclusion in ordering a new election as unwarranted, for by such order twelve duly elected and uncomplaining directors are ousted from an office conferred upon them at a legal election.

No stockholder testified that he did not vote in accordance with his individual volition and preference. The return of the election by the inspectors shows, that the resolution did not govern or affect a number of the ·stockholders, and there is nothing to show us that it affected any of them. We shall, therefore, not consider that it did affect them. This leaves the matter then in this respect to stand on the agreement made between certain stockholders, whereby they agreed with each other, "upon our (their) honor," that they would not sell their stock, or grant proxies to parties outside those executing the agreement. Nor would they vote for.any one for director who was not a signer of the agreement. This instrument was entered into for the purpose, as therein declared, of preventing any one person or syndicate from getting control of a majority of the stock, to the end that it might remain scattered and thereby redound to the benefit of the bank. This agreement is attacked by plaintiffs as being against public policy and without consideration. *Fisher v. Bush*, 35 Hun, 641. While on the other hand it is defended as being supported by legal principles.. *Faulds v. Yates*, 57 Ill. 419; *Fell's Appeal*, 91 Pa. St. 437. We will not make a decision of such questions, since, in our opinion, if the contract be void, as such, it amounts to no more than a harmless agreement to act in concert as to certain policies to be pursued in which they had a common interest. There was nothing immoral in it, and if not a valid obligation there was, of course, nothing binding in it. It would be a dangerous and far-reaching precedent to permit an inquiry into the motive which is alleged to control or influence the shareholder in making his choice of a directory. The judgment or order of the court should have been to oust Vaughan and seat Tomlin. The order for a new election should not have been made.

As the term of the directory over which this proceeding originated has long since passed, we can see no reason for remanding the cause for another trial, and, therefore, simply reverse the judgment. All concur.

