In the Matter of the Election of Directors of the JAMAICA CONSUMERS ICE COMPANY.

JOHN RHODES, Respondent; JAMAICA CONSUMERS ICE COMPANY and Others, Appellants.

First Department, February 6, 1920.

Corporations — annual election of directors — certificate of incorporation entitling stockholders to cumulative votes — General Corporation Law, sections 23 and 24, construed.

Where a certificate of incorporation provides that all elections shall be conducted in accordance with the corporation laws of the State of New York as existent at the time of such election and that stockholders shall have equal rights to vote and " may do so cumulatively or otherwise, as may be provided by the said laws of the State of New York," minority stockholders have a right to vote cumulatively on an election of directors, that is to say, a stockholder may cast all his votes for a single director, or may distribute them among the number to be voted for as permitted by section 24 of the General Corporation Law.

The statute authorizing such cumulative voting was intended to give to minority stockholders an opportunity to secure representation upon the board of directors.

Said section 24 of the General Corporation Law is not inconsistent with section 23 of said act, nor is it inconsistent with a provision of the by-laws of the corporation to the effect that each stockholder shall be entitled to one vote in person or by proxy for each share of stock standing registered in his name, for even when voting cumulatively a stockholder is limited to the number of votes specified.

APPEAL by the Jamaica Consumers Ice Company and others from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 22d day of December, 1919, granting the motion of the petitioner that the election of directors of the Jamaica Consumers Ice Company be set aside and declared irregular.

*E. C. Sherwood* of counsel [*Clarence S. Zipp*, attorney], for the appellants.

*William M. K. Olcott* of counsel [*Walter E. Ernst* with him on the brief; *Olcott, Bonynge, McManus & Ernst*, attorneys], for the respondent.

PHILBIN, J.:

At the annual meeting of the stockholders of the Jamaica Consumers Ice Company, incorporated in this State in November, 1906, five of the fifteen directors elected were elected over other candidates by votes cast cumulatively by some of the stockholders. The meeting was held in November, 1919. The learned court at Special Term on the motion of the respondent, a stockholder who was not present at the meeting, but was represented by proxy, set aside the election as irregular and of no effect, holding that cumulative voting was not authorized by the certificate of incorporation. The latter contained the following provision: "All elections hereafter to be conducted in accordance with the corporation laws of the State of New York, as existent at the time of such election, and holders of preferred and common stock shall have equal rights to vote, and may do so cumulatively or otherwise, as may be provided by the said laws of the State of New York."

Section 24 of the General Corporation Law, in force at all the times mentioned herein, states that the certificate of incorporation of any stock corporation may provide that at all elections of directors each stockholder shall be entitled to as many votes as shall equal the number of his shares of stock multiplied by the number of directors to be elected. It is also provided that the stockholder may cast all of such votes for a single director or may distribute them among the number to be voted for, or any two or more of them, as he may see fit, which right, when exercised, shall be termed cumulative voting.

At the said meeting upon one of the stockholders offering to vote cumulatively the chairman asked as to his right to do so, and was referred to the above clause in the certificate of incorporation. His votes were accepted and the chairman duly declared all of the said five persons and ten others elected as directors for the ensuing year. The by-laws of the corporation provide that at the annual meeting of the stockholders each stockholder shall be entitled to one vote in person, or by proxy, for each share of stock standing registered in his name ten days preceding election. We are unable to take the view that cumulative voting was not authorized by the certificate of incorporation. Although the certificate does not use the language of the statute by stating in detail the method of

voting, it is plain that the use of the words " cumulatively or otherwise, as may be provided by the said laws of the State of New York," can have no other meaning than an intention to take advantage of the privilege given by the statute to stockholders authorizing that manner of voting. No further action by the corporation to that end was necessary. The use of the word " cumulatively " in relation to voting is generally known. (Century Dictionary.) The right of the minority stockholder was acquired by virtue of the statute and the compliance with the terms thereof by inserting in the certificate the said provision. While the stockholders, as such, can have no direct power of management, the capital stock owned by them is property. It represents an investment upon which they are entitled to dividends, provided they are earned, and whether they can be earned or not depends upon the management. The right to vote for directors, therefore, is the right to protect property from loss and make it effective in earning dividends. (*Lord* v. *Equitable Life Assurance Society*, 194 N. Y. 212, 228.) The intent of the law conferring the right to vote cumulatively was undoubtedly to give the minority stockholders an opportunity to secure representation upon the board of directors.

In *Tomlin* v. *Farmers & Merchants Bank* (52 Mo. App. 430, 436) the court said, referring to cumulative voting: " The right is one guaranteed by the law, constitutional and statutory, it is personal to the stockholder, it can be exercised or not by such stockholder as he may himself elect. (*Pierce* v. *Commonwealth*, 104 Pa. St. 155.) It, therefore, cannot be taken from him by a resolution or by-law adopted by a majority of shareholders." (See, also, *Attorney-General* v. *Looker*, 111 Mich. 498; *Schmidt* v. *Mitchell*, 101 Ky. 570.)

Section 24 is not inconsistent with section 23 of the act, or even the by-laws of the corporation. It relates to the method of voting only, and does not give the stockholder a greater number of votes. The stockholder may use his total of each vote per share for one or more candidates, but he is still limited as specified in section 23 and the by-laws as to the number of votes cast. The fact that during the many years of the existence of the corporation the cumulative method was never used does not call for an interpretation of the certificate excluding its use by the stockholders at any time they

might decide to avail themselves of it. (*Attorney-General v. Looker, supra.*) The effect of the provision in the certificate was to give all the stockholders the privilege of voting cumulatively, and the exercise of that right by some of them on the occasion in question was fully justified. It follows that the election was regular and effective.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

DOWLING, LAUGHLIN, PAGE and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.