In the Matter of ARNOLD SLAVIN, Appellant, *v.* A & G MANUFACTURERS, INC., Respondent.

First Department, February 13, 1973.

*Ambrose Doskow* of counsel (*Bernard Persky* with him on the brief; *Rosenman Colin Kaye Petschek Freund & Emil,* attorneys), for appellant.

*Jay F. Gordon* of counsel (*Leonard Baum* with him on the brief; *Phillips, Nizer, Benjamin, Krim & Ballon,* attorneys), for respondent.

NUNEZ, J. Petitioner, the owner of 50% of the voting stock in respondent corporation, appeals from a judgment dismissing his petition in a CPLR article 78 proceeding brought to establish his right to vote his stock for the election of directors by cumulative voting.

The respondent was organized in 1958 under the New York Stock Corporation Law. Its certificate of incorporation pro-

vided that election of directors shall be by cumulative voting. In August, 1961, the charter was amended to reflect the change in the corporation's principal office; paragraph 13 of the charter dealing with a legend on the stock certificates was deleted in its entirety; and paragraph 14 was added requiring unanimous votes of all directors and stockholders "to transact any and all business of the corporation at any meeting of directors or stockholders." Appellant acquired 50% of respondent's stock in 1965. For seven and one-half years thereafter he took no active part in the affairs of the corporation. No stockholders' meeting was held during this period of time.

In September, 1972 appellant requested a call of a special meeting of shareholders for the purpose of electing directors. He requested that the notice of meeting state that the election will be pursuant to cumulative voting. His request was denied with a reference made to the unanimous voting requirements contained in the amended certificate. Petitioner then moved for a declaration that respondent's directors be elected by cumulative voting. Special Term, while finding that there was clearly no compliance with the then effective provisions of Stock Corporation Law (§ 36, subd. 2, par. [a], cl. [ii]) which was required to eliminate cumulative voting under the statute and that both the unanimous vote and the cumulative vote provisions remained in force, nevertheless dismissed the petition.

We agree that there was no compliance with the then effective provisions of the Stock Corporation Law required to eliminate cumulative voting and that both provisions remained in force. We disagree, however, with the denial of the petition. It should have been granted.

Section 36, relating to certificates of amendment, provided (subd. 2, par. [a], cl. [ii]) that such a certificate was to identify, by description of or reference to the subject thereof, any provision which is stricken from the certificate of incorporation and state that it is stricken out. The 1961 charter amendment did not eliminate the cumulative voting provisions of the original charter. They were allowed to remain intact. Instead, there were merely added the unanimous quorum and voting requirements and thus, both provisions remained in force. It may well be, as contended by respondent, that all those involved in the amendment to the certificate of incorporation in 1961 intended to eliminate the cumulative voting by requiring unanimous votes of all directors and stockholders at their meetings. But, under the then prevailing statutory law, they failed to accomplish their intended goal. They cannot bind the appellant to their secret

intention for he did not come on the scene until four years later. At the time he became a stockholder he was afforded examination of all relevant documents. But, there is no indication that he was informed that the cumulative voting provisions had been eliminated and, since the respondent proclaims that he was made aware of the relevant documents, it may be assumed that he examined the original and amended certificates from which he could justifiably have concluded that the unanimity requirement exists for all but the election of directors as to which cumulative voting survived from the original certificate. Appellant does not seek to invalidate the unanimity requirement but merely a judicial declaration that cumulative voting survives.

That appellant was content with the *status quo* in the directorship of the corporation for seven and one-half years did not deprive him of his right to demand cumulative voting now. (See *Matter of Jamaica Consumers Ice Co.*, 190 App. Div. 739 [1st Dept., 1920], affd. 229 N. Y. 516.) The cumulative voting provision in the original certificate of incorporation is specific and remains intact. The unanimity provision in the 1961 amendment relating to the transaction of any and all business is of general application. Both survive together and with equal force. (See *Matter of Jacobson* v. *Moskowitz*, 27 N Y 2d 67 [1970].)

The judgment entered in Supreme Court, New York County on November 29, 1972 (SARAFITE, J.) dismissing the petition seeking a declaration that directors of the respondent be elected by cumulative voting should be reversed on the law, and the petition granted with costs and disbursements to appellant.

MARKEWICH, J. P., LANE, TILZER and MACKEN, JJ., concur.

Judgment, Supreme Court, New York County, entered on November 29, 1972, unanimously reversed, on the law, and the petition granted. Appellant shall recover of respondent $60 costs and disbursements of this appeal.