No. 7.—THE STATE OF GEORGIA, *ex relatione* of WM. W. HARD-
WICK, plaintiff in error, *vs.* THOMAS A. SWEARINGEN, defen-
dant in error.

[1.] The person having the highest number of legal votes, is entitled to hold
the offices of Clerk and Treasurer of a Municipal Corporation, whether a
resident within the City at the time of his election and qualification or not,
provided the charter contains no limitation or restriction to the contrary.

[2.] A person receiving a minority only of the legal votes polled, is not en-
titled to be installed into an office, notwithstanding the incumbent be re-
moved, on account of some personal disqualifications. Under such circum-
stances, a new election will be ordered.

[3.] Municipal Corporations should not be interfered with in their internal
police and administrative government, unless some clear right has been
withheld, or wrong perpetrated.

Petition, in Macon Superior Court, for a "*quo warranto.*"
Heard and decided by Judge POWERS.   March Term, 1852.

This was an application filed by the plaintiff in error, against
the defendant in error, for an information in the nature of a
writ of *quo warranto*, to show by what authority the defendant
holds and exercises the office of Clerk and Treasurer of the
City of Oglethorpe.

Judge POWERS granted the order prayed for, and Thomas A.
Swearingen, at the same Term of the Court, files his answer.

The facts are as follows:   On the third Saturday in Februa-
ry, 1852, an election was held in the City of Oglethorpe, for
the Municipal officers of the same, for the ensuing year; when
Thomas A. Swearingen and Wm. W. Hardwick, were opposing
candidates for the offices of Clerk and Treasurer of said City.
Swearingen received the highest number of votes cast, and
was duly commissioned by the Mayor and Council of said City.
Hardwick received the next highest vote, and alleges in his pe-
tition, that he was duly elected and entitled to the office, be-
cause Swearingen was not, at the time of the election, and is
not still, a resident and corporator of said City.

At the hearing of the petition and answer, Judge Powers decided, " That Swearingen, whether a corporator or resident within the limits of said City or not, was eligible to the said office of Clerk and Treasurer."

Which decision is assigned as error.

S. Hall and Fish, for plaintiffs in error.

G. R. Hunter, for defendant in error.

*By the Court.*—Lumpkin, J. delivering the opinion.

This was a petition for an information in form of a *quo warranto,* filed in behalf of William W. Hardwick, against Thomas A. Swearingen, charging him with wrongfully holding and exercising the offices of Clerk and Treasurer of the City of Oglethorpe, in the County of Macon, of this State ; and keeping out the said William W. who it is alleged is entitled to the said offices.

[1.] The gravamen of the complaint is, that Swearingen was not a corporator and resident within the City, either at the time of his election or qualification ; and the applicant claims to have the incumbent removed on this ground, and himself inducted into the office, because he received the next highest number of votes.

We think the Mayor and Aldermen were right in commissioning the person having the highest number of legal votes, whether a corporator and resident within the City or not.

By the 32d section of the Act of incorporation, it is provided that " a Clerk and Treasurer, shall be elected by the people of said City, qualified to vote for Mayor and Aldermen, on the 3d Saturday in February, 1852; and at each regular election on the 1st Saturday in January thereafter, who shall serve for one year, or until his successor be elected and qualified. He is to give bond in the sum of $3000, with two good securities, conditioned for the faithful performance of his duty, as Clerk and Treasurer of said City ; and shall take an oath, that he will, to

the best of his skill and power, perform the duties of his office, without favor or affection." *Manuscript Act.*

By the charter, it will be perceived that no such restriction as that which is contended for, is imposed on the voters of this young and rapidly growing Town, in their selection of a suitable person to fill the offices of Clerk and Treasurer. They are at liberty to select from Macon, Columbus, or any other part of the State, the person in their judgment best qualified to discharge these functions.

[2.] Under no circumstances, could we permit the informant to be installed into these appointments, he not having received a majority of the legal votes of the City. Under such circumstances, if the incumbent be removed, a new election will be ordered.

[3.] These municipal corporations are the germs and miniature models of free government; and their internal police and administration, should not be interfered with for slight causes; not unless some great right has been withheld, or wrong perpetrated.

Judgment affirmed.