TUPPER *et al.* *v.* DART *et al.*

104    179
128    303

1. When a statute provides that contests arising over the election of municipal officers shall be filed with, heard and determined by the ordinary of the county wherein the election was held, the latter alone has jurisdiction in such cases, and the writ of prohibition does not lie to control the manner in which such jurisdiction shall be exercised, nor to prevent an erroneous exercise of the powers conferred.

2. Nor can the writ of injunction be made directly or indirectly the method of trying the title to a public office.

Submitted February 25, — Decided April 13, 1898.

Petition for prohibition. Before Judge Sweat. Glynn county. January 10, 1898.

*Owens Johnson, D. W. Krauss* and *Atkinson & Dunwody*, for plaintiffs.

*Ira E. Smith* and *Sparks & Twitty*, for defendants.

LITTLE, J. The plaintiffs filed their petition in the superior court of Glynn county, against Dart, ordinary of Glynn county, and against Isaac, Lee, McCrary, and Joerger, in which they alleged that on December 11, 1897, an election was held in Brunswick to choose four aldermen for that city, to hold office for two years from the first Monday in January, 1898. It is alleged, that the petitioners received at said election a higher number of votes, respectively, than did the four defendants last above named; that petitioners were regularly declared by the managers of the election to have been duly elected; that the charter of Brunswick provides that the persons receiving the highest number of votes for aldermen shall be declared duly elected as such, and the superintendents of election, at the expiration of five days thereafter, if no contest is made, shall give a certificate to that effect to those so elected, which certificate shall be the evidence of their election and their authority to act, and shall be recorded by the city clerk, which record shall be considered the highest evidence of such election; that petitioners having been so declared elected and no contest having been made, a majority of the superintendents issued to them, on December 28, 1897, certificates of election agreeably to the city charter; and that after the certificates were so issued, the

defendants, Isaac, Lee, McCrary, and Joerger, served them with a document alleged to be a contest and notice of a contest, setting up that they claimed to have been elected aldermen at said election, and setting out their grounds of contest. Petitioners attached a copy of such contest to the petition, and alleged that they were advised that the hearing of such contest would be had before the ordinary on January 4, 1898, and that officer had signified his intention of proceeding with the hearing on that day; that said contest was no contest in law, and the ordinary had no right to hear the same, because the contest had not been begun at the time petitioners' certificates of election were issued and received by them; that the law under which the contestants are proceeding declares that no contest can be begun after the issuance to the successful candidates of their certificates of election. Upon this state of facts, the petitioners prayed for a writ of prohibition, directed to the ordinary, to prevent him from hearing or proceeding with the alleged contest, or taking any testimony touching the same, or from in any manner proceeding with, or taking any steps, or doing any matter or thing, looking to the hearing or determination of the alleged contest.

On January 4, 1898, the judge of the superior court passed an order, directing that the petition be filed, and requiring all of the defendants named therein to show cause on the 7th day of January, 1898, why the writ of prohibition should not issue as prayed for, etc.; and further ordered that the ordinary, in the meantime, be prohibited from further hearing or proceeding to hear the contest matter mentioned in the foregoing petition, from taking any evidence in support of the same, and from in any manner proceeding with, or taking any steps, or doing any matter looking to the hearing or determination of such contest. On January 7, 1898, the petitioners filed an amendment to their original petition, in which they alleged that the certificates of election issued to them were duly and properly recorded by the city clerk; and afterwards, at the time fixed by the city charter for the meeting of the mayor and aldermen for the purpose of organization, petitioners met at the city hall and took and subscribed the oath prescribed by law,.

and thereupon took their seats as aldermen and regularly entered upon the discharge of their duties as such. By an additional amendment filed on the same day, petitioners alleged that on January 4, 1898, the ordinary proceeded to hear the alleged contest; that petitioners suggested and pleaded to him that he was without jurisdiction to hear and determine the same, which suggestion and plea, however, the ordinary overruled, and stated that he was going to hear and determine the contest. The petitioners averred in this last-named amendment, that it was doubtful whether any decision that the ordinary might render in the matter could be reviewed and any error therein corrected by certiorari or other proceeding; that the contestants claimed that the decision of the ordinary in such matter would be final. They alleged that it was also doubtful whether the writ of prohibition or writ of injunction is the proper remedy to be granted plaintiffs, but that they were entitled to the one or the other remedy; and they therefore prayed that, inasmuch as there was no remedy provided by law for them except the extraordinary relief prayed, the court would grant either the writ of prohibition or the writ of injunction as might seem right and proper, as well as such other relief as might be reasonable and just.

To this petition, as amended, the contestants, parties defendant, demurred on the following grounds: (1) The petition alleges no statement of facts entitling plaintiffs to the writ of prohibition. (2) It sets forth no cause of action. (3) It does not allege that petitioners are remediless unless the writ of prohibition be granted as prayed. (4) It does not allege that the ordinary has not jurisdiction of the subject-matter of the contested election. (5) It does not allege that the ordinary is an inferior court or judicial tribunal threatening to hear the contest without jurisdiction of the subject-matter. (6) Said ordinary has complete and sole jurisdiction to hear the contest and all questions of law or fact that may arise thereon. (7) Plaintiffs have a complete and adequate remedy at law, other than the writ of prohibition. (8) Neither the superior court, nor the judge thereof, has jurisdiction to intervene by writ of prohibition or otherwise in said matter. (9) Misjoinder of the

parties defendant; defendants other than the ordinary, none of whom are court officers, being joined with the officer who is vested with jurisdiction and authority as a special tribunal to hear and determine such contests. (10) The petition is multifarious, in that it contains two separate causes of action and prays for injunction and for prohibition. (11) The petition prays for injunction against a court or judicial tribunal lawfully exercising judicial functions. (12) Failure to set out in full the plea to the jurisdiction alleged to have been filed to the contest, or any judgment or order of the ordinary passed thereon.

The defendants also filed answer, taking issue with the contentions set out in the petition. Upon these pleadings, there having been no evidence submitted, the judge of the superior court, on the 10th day of January, 1898, rendered a judgment, to the effect that he was not authorized or warranted in granting either the writ of prohibition, the writ of injunction, or any other remedy at the time such judgment was rendered, and therefore refused to grant either the writ of prohibition or the writ of injunction as prayed for. To this judgment the plaintiffs excepted, and allege that the court erred in not granting the writ of prohibition, upon the case made and presented by the petition and amendments.

1. We affirm the judgment of the court below, and agree with the judge, that he was not authorized or warranted by law to grant either the writ of prohibition, or injunction, on the plaintiffs' petition. Section 111 of the Political Code prescribes, that when any contest arises over an election of municipal officers, the same shall be filed with, heard and determined by the ordinary of the county wherein such contest may arise, under the same rules and regulations as to the mode of procedure as prescribed in contests of elections in cases where commission is issued by the Governor. The mode of procedure prescribed in the latter class of cases is set out in sections 107–109 of the same code. These provisions of the law, which are codified from the act of 1893 (see Acts 1893, p. 124), in brief, give the right of contest, and, after providing for notice, prescribe the manner of taking testimony, etc., and the transmission of "all papers and proceedings" to the judge of the

superior court of the circuit wherein the contest may arise, who shall hear and determine the same either in term time or vacation. Contests over the election of municipal officers have the same mode of procedure, and are to be conducted under the same rules and regulations, except that they shall be heard and determined by the ordinary of the county where such contest arises. It has been held that a writ of error to this court does not lie from the decision of the judge of the superior court, in a case of contest provided for by the sections of the code referred to (*Carter* v. *Janes*, 96 *Ga.* 280), because it was not contemplated that the decision to be rendered was the judgment of the superior court, but that the *judge* was, by the legislature, made the tribunal to pass upon the merits of the contest and not the *court* over which he presided. It has been held in another case (*Davis* v. *City Council of Dawson*, 90 *Ga.* 817), that "Courts of equity have been loath to interfere in politics, and have invariably declined to do so where any other remedy is open to those seeking to redress supposed public wrongs of a political nature." The writ of injunction is not the proper remedy to try the title to public office, directly nor indirectly. 52 Ala. 56; 54 Ibid. 320; 78 Ill. 261. A court of equity has no power to try a contested election, even where the statute has provided no mode for contesting; nor to restrain canvassers from canvassing the returns of an election. McCrary on Elections, § 386.

If it be true, as alleged in the amended petition, that "it is a matter of grave doubt whether, under the law, any decision or judgment that the ordinary might render on the said contested matter could be reviewed, and any error therein corrected by the superior court upon certiorari or other proceeding," it must be a matter admitting of no doubt that the superior court could not, under the law, take the proceedings, at their inception, away from the ordinary, and proceed to hear and determine the contest, when the right to hear has been given to that officer, and it has been made his duty to determine the same. The writ of prohibition does not lie to regulate or control the manner in which a lawful jurisdiction may be exercised. Some other remedy must be applied to correct a

mistaken or erroneous exercise of the power which the law has conferred. Mechem's Public Offices and Officers, § 1014, and authorities cited in notes 1 and 2, page 673. It is true that no provision has been made by the act, for an appeal or review of such decision as the ordinary may make; and it is equally true that no authority exists elsewhere, to hear and determine such contests. It is perfectly competent for the legislature to make the decision of that officer final. We are not called upon now to say whether that body has done so; but what we do rule is, that the law has invested him with power and authority to hear and decide such contests, and that it has not invested the superior court of Glynn county with authority so to do. The writ of quo warranto, to test the right of a person holding office to exercise its duties, has in all jurisdictions been found effective; but neither the common-law writ of prohibition nor the equity writ of injunction ought to issue against a tribunal charged with the duty and invested with the power to hear and determine a contest for an office, prohibiting or restraining it from so doing.

*Judgment affirmed. All concurring, except Cobb, J., absent.*