## DOBBS *v.* MAYOR AND COUNCIL OF BUFORD.

The effect where a person who is ineligible to hold the office receives a majority of the votes cast in an election is not to give the office to the qualified person having the next highest number of votes, but to invalidate the election; and in such a case a new election must be held.

Submitted April 18,—Decided June 14, 1907.

Petition for mandamus. Before Judge Brand. Gwinnett superior court. July 13, 1906.

*Reuben R. Arnold* and *Harvey Hill,* for plaintiff.

EVANS, J. This is an application by E. O. Dobbs, against the mayor and councilmen of Buford, for the writ of mandamus to compel them to declare the applicant to have been elected solicitor of the city court of Buford, at an election on July 2, 1906. The city court of Buford was established by the act of December 17, 1901 (Acts 1901, p. 96). By section 7 of that act the solicitor of that court must be at least twenty-five years of age and have at least three years practice as an attorney at law in this State, and be a resident of Gwinnett County at the time of his appointment. In 1904 this act was amended by providing for the election of the solicitor by the qualified voters of the territory over which the court has jurisdiction, and the mayor and council were charged with the duty of declaring the result of the election to the executive department of the State (Acts 1904, p. 131). At this election the applicant received 40 votes, and his opponent, J. V. Pool, received 155 votes. The applicant was qualified, under the requirements of the act, to hold the office. At a previous election for the same office, held December 2, 1905, Pool had received a majority of the votes cast, was declared elected, and was duly commissioned; but his election was declared void by a judgment of the superior court of Gwinnett County, on May 21, 1906, because he was ineligible from not having been an attorney of three years' practice. Pool was still ineligible on July 2, 1906, the

date of the last election. The Mayor and Council of the City of Buford refused to declare the result. Upon these facts the court refused the writ of mandamus, holding that the election was void because the candidate who had received the highest number of votes was ineligible to hold the office; and to this judgment the applicant excepted.

It is settled law in this State that the effect where a person who is ineligible receives a majority of the votes cast in an election is not to give the office to the qualified person having the next highest number of votes, but to invalidate the election; and in such a case a new election must be held. *Hardwick* v. *Swearingen,* 12 *Ga.* 23; *Crovatt* v. *Mason,* 101 *Ga.* 257. The English rule seems to be that if the person receiving the highest number of votes cast in an election is ineligible, but his incapacity to hold the office is unknown to the electors, the election is void, and a new election must be held; but if the existing facts which created the incapacity are known, or must be known to those persons who vote for a candidate who is so incapacitated, the votes given under these circumstances are thrown away, and the person capacitated to hold the office receiving the highest number of votes will be declared elected. Beresford-Hope v. Lady Sandhurst, L. R. 23 Q. B. D. 79; Gosling v. Veley, 7 Q. B. 406. The English rule prevails in some of the American States. But as pointed out by Mr. Justice Little, in *Crovatt* v. *Mason,* supra, by the act of 1852, codified as §121 in the Code of 1868, it was provided that "if at any public election to fill any office the person elected is ineligible, under the foregoing rules, the person having the next highest number of votes, who is eligible, whenever a plurality elects, shall be declared elected and be qualified and commissioned to such office." One of the "foregoing rules" referred to in this section was ineligibility under the constitution and laws. This code section was expressly repealed by an act of the General Assembly in 1871 (Acts 1871-2 p. 19). Whether the act of 1852 was declaratory of the common law or was independent statutory legislation, its repeal in 1871 declared the policy of this State to be that no election would result if the highest number of votes were cast for a person incapacitated to hold office. We therefore affirm the judgment of the superior court refusing to make the mandamus absolute.          *Judgment affirmed. All the Justices concur.*