### SIMPSON et al. v. RIMES et al.

The jurisdiction conferred upon ordinaries to hear and determine contests arising over elections for municipal officers is limited, and in such cases the ordinary has no power other than those conferred by the statute.

(a) In such a proceeding, while the ordinary can pass upon the legality of votes which are actually cast, he has no authority to consider the right of a person to vote who did not vote, and, upon concluding that he was illegally deprived of voting, to render a judgment deciding that the contestant was duly elected, based on a count of such assumed vote.

(b) A judgment of the character mentioned above, which showed upon its face that the decision was based upon a consideration of such assumed vote, is void.

JUNE 12, 1914.

Quo warranto. Before Judge Sheppard. Liberty superior court. April 7, 1914.

In January, 1914, an election for mayor and councilmen of the Town of Ludowici was held. J. B. Simpson and T. F. Chapman were among those declared elected aldermen, and took oath of office. W. C. Hodges and C. D. McDonald were candidates for aldermen, and, the result being declared against them, they contested the election of the two first named, before the ordinary, under the Civil Code, § 125, on the ground, among others, that the names of designated persons entitled to register as voters were illegally stricken from the registration list by the registrars, and were not allowed to vote at the election; and that if such persons had been allowed to vote they would have voted for the contestants, and a count of such votes would have changed the result of the election. The contestees joined issue, and set up that the persons were legally stricken from the registration list by the supervisors, and had

no right to vote. The ordinary rendered a judgment that the contestants "be and they are declared elected . . for the term as prescribed" by the charter of the town. The judgment recited on its face certain findings on which the decision was predicated; among them being that certain designated persons were "qualified voters" at the election, that they would have voted for the contestants, and that the votes of such persons "considered and counted, . . when added to the votes cast and counted at said election," would have resulted in the election of the contestants. After the decision of the ordinary, the contestants, with Rimes, a citizen and taxpayer, instituted a quo warranto proceeding, alleging the contestants to be entitled to the office, basing their right on the election and judgment above mentioned, and declaring the contestees to be mere usurpers. The defendants set up their right to the office under the result of the election as declared by the managers, and attacked the judgment of the ordinary as void, alleging that the ordinary was without authority to add to the votes at the election the votes of the designated persons whose names did not appear on the voters' list, and who did not vote at the election. At the hearing the judge held the judgment of the court of ordinary to be valid and conclusive, and ousted the defendants from office. Error was assigned upon this judgment.

*Melville Price* and *Edwin A. Cohen,* for plaintiffs in error.

*Thomas & Gibbs,* contra.

ATKINSON, J. (After stating the foregoing facts.) In the quo warranto proceeding the issue was whether the plaintiffs or defendants had the right to the office. The defendants were in office, and the plaintiffs undertook to show a superior right. The defendants were declared elected by the managers. The plaintiffs predicated their claim to the office on the same election, and on the judgment of the ordinary which declared a result in their favor, which was different from that declared by the election managers. In so doing it was insisted that the declaration by the election managers to the effect that the defendants were elected was set aside, and that the judgment of the court of ordinary declaring the plaintiffs to have been elected was conclusive and entitled them to the office. The defendants contended that the ordinary exceeded his power in counting for the plaintiffs votes which were never cast, and basing his judgment thereon, and consequently that the judg-

ment, in so far that it declared the plaintiffs elected, was void. If the judgment was void, it could not affect the result of the election as declared by the managers. In passing on election contests the ordinary is not clothed with the powers of a court of general jurisdiction, but is limited to the powers expressly conferred upon him by the statute. It is declared in the Civil Code, § 125: "Whenever any contest arises over an election of any constable, municipal officers, or other officers not hereinbefore provided for, the same shall be filed with, heard and determined by the ordinary of the county wherein such contest may arise, under the same rules and regulations as to the mode of procedure as prescribed in contests where commission is issued by the Governor." This authorizes contests of elections of the character now under consideration to be heard and determined by the ordinary, and, without stating at length the rules or regulations as to the procedure to be employed, provides for the application of those which are prescribed in contests "where commission is issued by the Governor." These are to be found in the Civil Code, §§ 121-123. In the last section it is declared: "Illegal votes, by the method aforesaid, and otherwise, may be proven by both parties, and if such are proven on both sides, one shall stand against another, and he is elected who has the greatest number of legal votes. All are considered legal not proven to be illegal." This authorizes the ordinary to inquire into the legality of votes cast on both sides and decide on the legality thereof. But the law declares that "he is elected who has the greatest number of legal votes." There is no provision whatever for the ordinary to enter into a general consideration of supposed equitable rights or other rights of contestants, and base his decision upon assumptions of how voters would have voted had they been permitted to vote. The judgment of the ordinary shows upon its face, and it is a part of the judgment, that in order to hold that the contestants were elected it was necessary to count as voting for the contestants votes which were never in fact cast; thereby showing its invalidity. The judgment of the ordinary being void on its face, the judge erred in giving it effect and ousting the defendants from office.

*Judgment reversed. All the Justices concur.*