### WALTON et al. v. BOOTH et al.; et vice versa.

1. Where a contest is filed before the ordinary of the county under the provisions of § 125 of the Civil Code, relating to contested elections, the ordinary has no other jurisdiction than, after examining and

counting the ballots as provided in preceding sections of the code relating to contested elections and taking evidence, to declare whether the contestant or the contestee is elected to the office in question, and has no jurisdiction to entertain the question as to whether the election itself, out of which the contest grew, was void; and if he exceeds the jurisdiction and declares the election illegal, his judgment is void.

2. It is unnecessary in this case to decide whether, with proper parties, the question of the validity of an election to a municipal office can be adjudicated, and the election held illegal and void; because necessary parties for the adjudication of that question had not been made, and upon that ground alone the court was required to refuse the mandamus absolute.

Nos. 2191, 2192. APRIL 16, 1921.

Petition for mandamus. Before Judge Gower. Wilcox superior court. July 23, 1920.

*R. O. Holton* and *Max E. Land,* for plaintiffs.

*Hal Lawson* and *Crum & Jones,* for defendants.

BECK, P. J. On June 5, 1920, at the time provided by the charter of the Town of Seville, an election was held in the town for the purpose of electing a mayor and aldermen. At the election one of the aldermen, who was a candidate for re-election, acted as a manager, and the clerk and treasurer of the town was also an election manager. After the election was held a contest of the election was filed before the ordinary of Wilcox County; and the ordinary having ascertained that W. W. Wilson, one of the managers of the election, was clerk and treasurer of the town, and that J. W. Henderson, one of the aldermen of the town and a candidate for re-election, was one of the election managers, passed an order declaring the election invalid, and not otherwise declaring the result of the election. Thereafter, no new election having been ordered in the town, A. E. Walton and other named citizens, voters, and taxpayers of the town, filed a petition for mandamus against W. M. Booth, the mayor, and against W. W. Wilson, the clerk; and a rule nisi was issued requiring the defendants to show cause why the mandamus should not be made absolute and why they should not be required to order an election. The petition for mandamus set up the above-stated facts, and claimed that the election was void, and that the order declaring the election void was legal. Booth and Wilson appeared at the hearing and admitted the facts to be true as alleged in the petition for mandamus, but denied that the election was invalid, and denied also that the ordinary had

authority to so declare it. The court denied the application for mandamus, and the applicants excepted to the ruling.

1. The court did not err in refusing to make the mandamus absolute in this case. The proceeding brought by the plaintiffs to contest the election of certain named municipal officers was instituted, and necessarily so, under the provisions of § 125 of the Civil Code, which provides: " Whenever any contest arises over an election of any constable, municipal officers, or other officers not hereinbefore provided for, the same shall be filed with, heard and determined by the ordinary of the county wherein such contest may arise, under the same rules and regulations as to the mode of procedure as prescribed in contests where commission is issued by the Governor." After having heard the parties, the ordinary, before whom the hearing was had, adjudged, for reasons stated in his order, that the election was illegal and void. The only authority for the action of the court is to be found in the code section quoted above. But that section did not confer upon the ordinary jurisdiction to determine the question as to whether or not the election which gave rise to the contest was void. The ordinary had no jurisdiction, under the provisions of the statute quoted, other than to determine, upon a contest raised by a party who was himself a candidate at the election, whether the person filing the contest or the one who was declared elected, received the greater number of legal votes, and, in case the contestant received it, to declare him duly elected. A contest under this section raises merely the issue between the contestant and the contestee as to which of the two has the right to the office. This section is in the chapter relating to contested elections; and the duty of the ordinary in such a contested election is illustrated by the provisions of § 121 of the Civil Code, relating to proceedings in contested elections, and the subsections following, relating to the examination of witnesses and the taking of testimony. And when the ordinary, instead of taking the testimony as contemplated by the sections and subsections referred to, declared the election void upon hearing evidence, he exceeded his jurisdiction, and the judgment rendered was void. The ordinary, so far as relates to elections of the officers named in section 125 of the Civil Code, performs certain statutory duties; and it is doubtful whether his judgment in the contest could be reviewed by certiorari or otherwise. It

was the purpose of the legislature, in enacting the statute embraced in section 125, to confer merely a limited jurisdiction upon the ordinary,— a jurisdiction to decide between two persons who claim an office and who raise a question as to their respective rights in the way pointed out. *Simpson* v. *Rimes,* 141 *Ga.* 822 (82 S. E. 291).

2. The court did not err in refusing the mandamus absolute. No court of competent jurisdiction had passed upon the question as to whether or not the election at which the officials duly installed in office had been elected was invalid and void; and the court could not, in the present mandamus proceedings, entertain and decide the question as to whether or not the election was actually void; for the parties claiming to have been chosen in that election and who were actually installed were not parties to these proceedings, and that was sufficient reason for the refusal of the court to make the mandamus absolute, and it is unnecessary to consider whether or not this question could be made upon application for mandamus. We merely call attention to the fact that quo warranto proceedings are peculiarly appropriate to test the right of an incumbent to the office, and may be brought by any one claiming the office or interested therein, though, if the person claiming the office seeks to have himself installed, he would be compelled to establish his right to the office by a contest duly filed as prescribed under the provisions of § 125 of the Civil Code. *Howell* v. *Pate,* 119 *Ga.* 537 (46 S. E. 667); *Cutts* v. *Scandrett,* 108 *Ga.* 620 (34 S. E. 186). See also Civil Code, § 5451.

*Judgment affirmed on the main bill of exceptions; cross-bill dismissed. All the Justices concur.*