*H. E. Coates* and *Jones, Park & Johnston,* for defendants.

---

SHIRLEY, ordinary, *et al. v.* GARDNER *et al.*

HINES, J. 1. The office of the writ of prohibition is to restrain subordinate courts and inferior judicial tribunals from exceeding their jurisdiction, so that each tribunal shall confine itself to the exercise of those powers with which, under the constitution and laws of the State, it has been entrusted. This writ lies "to arrest illegal proceedings by any court officer, where no other legal remedy or relief is given." Civil Code (1910), § 5458; *Doughty* v. *Walker,* 54 *Ga.* 595; *Seymour* v. *Almond,* 75 *Ga.* 112; 32 Cyc. 598. The language of section 5450 of the Civil Code, that this writ will "lie to all other executive or military officers," means when they are acting as a judicial or quasi-judicial tribunal.

2. In hearing and determining a contest of a municipal election the ordinary does not act in a judicial or quasi-judicial capacity. *Seymour* v. *Almond,* supra; *Carter* v. *Janes,* 96 *Ga.* 280 (23 S. E. 201); *Tupper* v. *Dart,* 104 *Ga.* 179 (30 S. E. 624); *Cutts* v. *Scandrett,* 108 *Ga.* 620 (34 S. E. 186); *Harris* v. *Sheffield,* 128 *Ga.* 299 (57 S. E. 305).

3. Applying the above principles, the trial judge erred in not dismissing the application for this writ.

*Judgment reversed. All the Justices concur.*

No. 4748. APRIL 18, 1925.

Prohibition. Before Judge Blair. Milton superior court. January 31, 1925.

On January 5, 1925, an election for councilmen was held in the Town of Alpharetta. There were two tickets in the field. One consisted of H. A. Gardner, J. W. Cowart, C. P. Norman, I. N. Thompson, and J. C. Weatherford, they being the plaintiffs in the application for the writ of prohibition in this case; and the other ticket consisted of Q. A. Wills, Roy Gilstrap, J. R. Shaw,

Gordon Shirley, and Louie E. Jones, they with O. C. Shirley, as ordinary of Milton County, being the defendants in said application. Each of those composing the first-named ticket received a majority of the votes cast and was declared elected by the mayor and council of said town in accordance with the provision of the charter of the town, and has qualified as councilman for the term beginning February 1, 1925, for one year. Gordon Shirley is the son of O. C. Shirley, ordinary of Milton County. On January 22, 1925, Louie E. Jones, Q. A. Wills, J. R. Shaw, and Roy Gilstrap filed with the ordinary of said county their petition, addressed to that officer, in which they sought to contest the election of the plaintiffs as councilmen of said town, on the ground that the plaintiffs had been declared elected by reason of illegal votes cast by named voters in their behalf, and that if these votes were not counted the defendants would be the duly elected councilmen of said town. On January 28, 1925, Gordon Shirley filed a similar petition with the ordinary of said county, addressed to him in his official capacity. · The contestants in their said petitions alleged that they came within three days after said election was declared and said contestees declared elected, "and hereby. file this their notice of contest, . . and pray that this notice may be served upon each of said contestees," said contestees being the applicants for the writ of prohibition in this case, "and that said contest be heard as provided by law, and the true result of said election be declared, and these contestants be declared duly elected councilmen of said town." The contestees were served with notice of said petitions for the contest of said election. On January 24, 1925, the contestees were served with this notice: "To the contestees and each of them: You are hereby notified that the above-stated case [the case being stated in the caption] will be heard and determined on Thursday, Jan. 29th, 1925, at 10 o'clock a. m. at the court-house in the town of Alpharetta, Ga. This Jan. 24, 1925. O. C. Shirley, Ordy." Thereupon the contestees filed their application for the writ of prohibition, in which they alleged the foregoing facts. In addition they alleged that the object of the petitions for contest was to set aside the election and to have contestants declared the elected councilmen; that the declaration of such result would elect Gordon Shirley, son of the ordinary, as one of said councilmen, that said petitions do not give notice of the time

and place of taking testimony or name the judicial officer before whom the same is to be taken; that the ordinary is disqualified to hear and determine said case, being the father of said Gordon Shirley, one of the contestants, for which reason said ordinary is without jurisdiction to hear said case; that there is no means of reviewing the decision of the ordinary, either by appeal or certiorari, and whatever judgment he renders will be final and conclusive upon applicants. They prayed for the writ of prohibition, restraining the ordinary from further proceeding in said matter.

By an amendment to their petition, the applicants for the writ of prohibition alleged that so much of section 6 of the charter of the Town of Alpharetta (Acts 1920, p. 690), as provides for the contest of municipal elections in said town, is unconstitutional and void, for the reason that the same undertakes by a special law to provide for said contest, when sections 121, 122, 123, 124, and 125 of the Code of 1910 provide a general law for such purpose, and that said section 6 is in violation of the constitution of this State, which declares that "no special law shall be enacted in any case for which provision has been made by an existing general law." By another amendment the applicants alleged that the proceeding begun by the defendants to contest said election is not in conformity to law, and that O. C. Shirley, as ordinary, has undertaken to usurp a jurisdiction and power that is not given him by law, as is shown by the exhibits attached to the petition contesting said election, on one of which an order was passed notifying petitioners that said contest would be heard and determined before the ordinary on January 29, 1925. The ordinary had no jurisdiction to grant said order or to hear said contest in said way. The law provides that the way to start said contest is for the contestants to serve notice upon the contestees of the time and place of taking evidence before some judicial officer of the county, and give five days notice thereof, which was not done in this case; and after the taking of such evidence by the contestants, the contestees would have ten days in which to take their evidence. The contestants not having followed and complied with the law, and no evidence having been taken, said ordinary is without jurisdiction to hear said case, as he undertakes to do in his said order.

On the hearing of the application for prohibition, the defendants moved to dismiss the same on the grounds, (1) that under the

facts and law as laid down in the case of *Tupper* v. *Dart,* 104 *Ga.* 179 (supra), the court was unauthorized to grant the writ of prohibition, and (2) that no process is prayed for in the petition. Due and legal service of the petition for prohibition and process was acknowledged by counsel for the defendants therein, and all further notice or service was waived. The trial judge refused to dismiss the petition for prohibition. upon the grounds aforesaid, and to this judgment the defendants excepted and assigned the same as error, as being contrary to law.

The case was then heard upon the pleadings. The court granted the writ of prohibition, and to this judgment the defendants excepted.

*J. P. Brooke,* for plaintiffs in error.

*George F. Gober* and *G. B. Walker,* contra.