### MORGAN, ordinary, *v.* WASON.

HILL, J. 1. Whenever any contest arises over an election of a mayor of a municipality, the same shall be filed, heard, and determined by the ordinary of the county wherein such contest may arise, under the same rules and regulations as to the mode of procedure in contests where commission is issued by the Governor. Civil Code (1910), § 125.

2. Under the Civil Code (1910), § 121, par. 1, five days shall elapse after the election shall have been held before a commission can be issued.

3. Under the Civil Code (1910), § 121, par. 2, such contest shall be begun by giving the adverse party five days notice in writing, stating the grounds of contest, the time and place where the contestant intends to take testimony, and the judicial officer before whom the testimony will be taken.

4. Accordingly, where an election was held for mayor of the Town of East Lake on Saturday, October 10, 1925; and where the managers of the election declared the contestee elected, and the contestant defeated, and on October 12, 1925, the contestee was sworn in as mayor, and on October 13, 1925, the contestant filed a petition to the ordinary of the county in which the election was held, to hear a contest of said election,

after giving notice as provided by law; and where on the hearing before the ordinary on October 20, 1925, the contestee filed a demurrer to the petition, which demurrer was sustained and the ordinary dismissed the contest proceedings; and where the contestant filed a petition against the ordinary for a writ of mandamus to compel the ordinary to hear and determine such election contest, alleging that the ordinary had failed and refused to perform his legal duty in the premises; and where the petition for mandamus, the answer, and the demurrer of the contestee were submitted to the trial judge, and there being no issue of fact involved, and both parties agreeing that the same might be heard by the trial judge in vacation, under the above provisions of the code the court did not err, under the facts of this case, in granting an order making the mandamus absolute, and requiring the ordinary to hear and determine such contest. *Judgment affirmed. All the Justices concur.*

No. 5213.   June 19, 1926.

Mandamus. Before Judge Hutcheson. DeKalb superior court. November 28, 1925.

On October 26, 1925, H. A. Wason filed in the superior court of DeKalb County an application for a writ of mandamus against V. S. Morgan, ordinary of DeKalb County, to require him as ordinary and as a special tribunal to hear and determine a contest over the election of mayor of the Town of East Lake, such contest having been filed with the ordinary on October 14, 1925, by H. A. Wason against R. W. Crenshaw. The petition for mandamus alleged in substance the following: V. S. Morgan is the ordinary of the County of DeKalb, and is a resident of said county. The Town of East Lake is a municipal corporation under the laws of this State, and is situated in the County of DeKalb. Petitioner was a candidate for election for mayor of the Town of East Lake at the election held on Saturday, October 10, 1925, and R. W. Crenshaw was also a candidate for said office. When the election was completed and the ballots were counted the managers announced that R. W. Crenshaw had received 165 votes for mayor, and that petitioner had received 153 votes for mayor, and the managers declared Crenshaw elected and petitioner defeated. Petitioner desired to contest said election as provided by law, on the ground that certain votes cast for Crenshaw were illegal. On October 13, 1925, petitioner instituted contest proceedings before V. S. Morgan, ordinary, "as a special tribunal," to hear such contest, by giving notice as provided by law, and by filing with said ordinary a petition for such contest. A copy of the notice to the contestee, and of the petition filed with the ordi-

nary and of the return of service thereon, is attached to the petition as an exhibit. The hearing before the ordinary was had on October 20, 1925, at which time the contestee appeared and filed a demurrer to the petition. After argument the ordinary passed an order sustaining the demurrer and dismissed the petitioner's contest proceedings. It is alleged, that under the law it was the duty of the ordinary as such special tribunal to hear and determine said contest; that he failed and refused to perform this duty; that he has no discretion in the matter, and his refusal to hear such contest was illegal. The prayers are for mandamus nisi and mandamus absolute; and for process.

The petition, the answer, and the demurrer were submitted to the judge on November 7, 1925, there being no issue of fact involved, and both parties agreeing that the same might be heard by the judge in vacation, and that the demurrer might be considered by the court along with the answer. The court granted an order making the mandamus absolute, and requiring the defendant, as ordinary and special tribunal, to hear and determine the contest. To this order the defendant excepted. He contended that the ordinary, in considering and passing upon the demurrer to the petition for a contest of the said election, heard and determined said contest, as required by law.

*Robert C. W. Ramspeck* and *L. J. Steele,* for plaintiff in error. *Mark Bolding, George M. Wilson, H. A. Beaman,* and *Dorsey, Howell & Heyman,* contra.