McDONALD *et al v.* DeLaPERRIERE *et al.*

No. 9810、 DECEMBER 13, 1933.

*H. W. Davis, Pemberton Cooley,* and *Shackelford & Shackel-ford,* for plaintiffs.

*Joe Quillian, C. L. Bryson,* and *G. W. Westmoreland,* for defendants.

ATKINSON, J. On December 13, 1932, an election was held for mayor and councilmen in the City of Hoschton, in which C. T. McDonald as candidate for mayor and named persons as candidates for councilmen were opposed by A. L. DeLaPerriere as candidate for mayor and named persons as candidates for councilmen. The election managers made their returns, and on December 14 these returns were duly canvassed by the existing mayor and councilmen according to the charter of the city, and DeLaPerriere and those on his ticket as candidates for councilmen were declared elected, and record thereof was duly entered upon the minutes of council. On January 1, 1933, they were inducted into office. Prior to this McDonald and those on his ticket as candidates for councilmen, on December 17, 1932, gave notice of contest before the ordinary. The contestees appeared before the ordinary and demurred to the sufficiency of the notice, and otherwise participated in the trial of the contest. On January 30, 1933, the ordinary rendered a decision stating that after hearing evidence in the case, and after examining and counting the ballots as provided in section 125 of the Civil Code, he found that a stated number of illegal challenged votes were cast for the respondents and a stated number of illegal challenged votes were cast for the contestants; and after setting off one against the other, the contestants received a stated majority of the legal votes, and therefore were declared duly elected as mayor and councilmen. After this decision by the ordinary, the contestants, McDonald and his board of councilmen, instituted quo warranto proceedings against DeLaPerriere and his board of councilmen, to oust them from office and have themselves declared to be the duly elected mayor and councilmen. DeLaPerriere and others answered and set up that under the facts, substantially as stated above, the judgment of the ordinary was void, because (a) on the trial the notice of contest did not state and no evidence was introduced to show for whom illegal votes were cast; (b) that the ordinary considered evidence illegally obtained, in that more than

thirty days after the election, and after the parties had closed introduction of evidence, in the absence of respondents and their attorneys and without notice to them or waiver of notice, and without any affidavit made by a party desiring resort to the ballot-box under the Code, § 122, the ordinary caused the ballot-box to be opened and the ballots examined, and based his finding upon such examination; (c) that the judgment fails to set out the illegal votes as alleged in the notice of contest, and consequently fails to decide the only question raised by the notice of contest; (d) there is no evidence to support the judgment. The judge overruled a demurrer to the answer. Trial before a jury resulted in a verdict for the respondents. The relators' motion for a new trial was overruled. They excepted to the two rulings just stated.

█ Contests of elections for municipal officers must "be filed with, heard, and determined by the ordinary of the county wherein such contest may arise, under the same rules and regulations as to the mode of procedure as prescribed in contests where commission is issued by the Governor." Civil Code, § 125. *Cutts* v. *Scandrett,* 108 *Ga.* 620 (34 S. E. 186); *Harris* v. *Glenn,* 141 *Ga.* 687 (81 S. E. 1103). The authority so conferred upon ordinaries to hear and determine contests arising out of elections for municipal offices is limited, and the ordinary has no power other than that conferred by the statute. *Simpson* v. *Rimes,* 141 *Ga.* 822 (82 S. E. 291); *Walton* v. *Booth,* 151 *Ga.* 452 (107 S. E. 63); *Norwood* v. *Peeples,* 158 *Ga.* 162 (122 S. E. 618); *Chapman* v. *Dobbs,* 175 *Ga.* 724 (166 S. E. 22). If in such election-contest cases the ordinary acts without the scope of his powers, his decision is void. *Simpson* v. *Rimes, Walton* v. *Booth,* supra. Under the "same rules and regulations" referred to in the Civil Code, § 125, "Such contest shall be begun by giving the adverse party five days' notice in writing, stating the grounds of contest, the time and place where the contestant intends to take testimony, and the judicial officer before whom the testimony will be taken" (§ 121, par. 2); and "Any judicial officer of the county where the testimony is taken may preside, to preserve order, to swear witnesses, to see that the testimony is fairly and impartially taken and reduced to writing. Said officer shall have power to subpœna witnesses and compel their attendance, if in this State, and to issue commissions to take testimony of persons out of this State, and to adjourn from day to day: provided, all testi-

mony submitted on the part of the contestant shall be taken within thirty days from the day of the election contested. The contestee shall be allowed ten days after the closing of the contestant's testimony, to submit and take testimony in rebuttal or on cross-grounds of contest" (§ 121, par. 3); and "When an election is contested on the ground of illegal votes, any of which it is claimed, on affidavit, can probably be proven by resort to the ballots, specifying what ballots, it is the duty of the clerk of the superior court to deliver the same, together with the list of voters, to the person who presides at the taking of testimony, who shall examine said suspected ballots, and none other, and have put down, as part of the testimony, their contents and all other testimony attacking and defending their legality" (§ 122); and "Illegal votes, by the method aforesaid and otherwise, may be proven by both parties, and if such are proven on both sides, one shall stand against another, and he is elected who has the greatest number of legal votes. All are considered legal not proven to be illegal" (§ 123). Accordingly, on the hearing of a contest of an election for municipal officers, the ordinary is without authority to go into the ballot-box and examine ballots contained therein, without complying with the Civil Code, § 122, above quoted; and where without such compliance the ordinary, being without authority so to do, opens the ballot-box and examines the ballots generally for the purpose of ascertaining illegal ballots and for whom they were cast, and determines the result on the basis of such examination, his finding is unauthorized and void.

 The other headnotes do not require elaboration.

*Judgment affirmed. All the Justices concur, except Hill, J., absent because of illness.*