### BURGESS et al. v. FRIAR.

No. 11602. NOVEMBER 12, 1936. REHEARING DENIED DECEMBER 10, 1936.

*William B. Jones,* for plaintiffs in error.

*Wheeler & Kenyon* and *Owen & Gross,* contra.

GILBERT, Justice. ■ ■ Headnotes one and two are not elaborated.

■ Part v of title 34 of the Code, §§ 34-2801 to 34-3001, inclusive, has reference to contested elections. Sections 34-2801 through section 34-2901 refer to contests in elections of designated characters, and are not applicable to any other contested election, unless the contrary is required by section 34-3001, which provides: "Whenever any contest shall arise over an election of any constable, municipal officer, or other officers not hereinbefore provided for, the same shall be filed with, heard, and determined by the ordinary of the county wherein such contest may arise, under the same rules and regulations as to the mode of procedure as prescribed in contests where commission is issued by the Governor. The ordinary shall be entitled to a fee of $2 per day for each day occupied in hearing said contest, to be taxed as costs, which may

be enforced by execution against the party cast in the contest." Note that this section applies only to election contests "not hereinbefore provided for;" that is, not provided for in §§ 34-2801 to 34-2901, inclusive. Election contests for the office of county commissioner of Stephens County, who is commissioned by the superior-court judge, are not provided for in §§ 34-2801 to 34-2901, inclusive. Therefore an election contest for the office of such county commissioner must "be heard and determined by the ordinary." The *court* of ordinary has no jurisdiction in the matter. The *ordinary* is designated by law to hear and determine the contest. He is to do so "under the same rules and regulations as to the mode of procedure as prescribed in contests where commission is issued by the Governor." Those rules and regulations are stated in the Code, § 34-2801, paragraphs 1 to 7, inclusive, where it is provided that "the following shall be the proceedings." What are the "rules and regulations" prescribed in the Code, § 34-2801? Briefly they are: (1) notice "to the Governor," (2) notice to "adverse party," (3) taking testimony, (4) "examination of witnesses," (5) "counter-charge by contestee and notice thereof," (6) "no contest after commission has been issued," (7) "transmission of papers, hearing, and decision," to the judge of the superior court, with rules for the guidance of that judge. Obviously rule (7) can not be applied. The judge of the superior court has nothing to do with the papers. The ordinary has sole jurisdiction. *Tupper* v. *Dart,* 104 *Ga.* 179 (30 S. E. 624).

The ruling in the *Tupper* case must itself be construed. Does it mean that the ordinary has sole jurisdiction to hear evidence of the witnesses? Or may he consider evidence taken by some "judicial officer," and from that evidence "determine" the contest—that is, render a decision? It is argued that it is illogical and unworkable to permit the justice of the peace to take evidence which is to be the basis for the decision of the ordinary. That it is not the usual method, or the best method, that it is not so likely to lead to the discovery of the truth, all may be conceded. That seems true, because it is an aid in appraising evidence to see and observe the witness. But that may not be so important in taking this kind of evidence as in most investigations, since the evidence may consist largely of documents showing payment or non-payment of taxes. However this may be, that is just the procedure

prescribed for contests where the commissions are issued by the Governor. This court can not construe the statute contrary to the plain legislative intent on the ground that a better method, according to our view, might have been adopted. We are required to look "diligently for the intent of the General Assembly." Accordingly we construe Code § 34-3001 to authorize the person seeking to take testimony in such a contest to select the judicial officer to take testimony by giving the notice required in § 34-2801, par. 2. Any one or more of the rules designated, which are found legally impossible to apply in a contest falling under § 34-3001, must be disregarded. Such a rule is that provided in par. 7, and perhaps par. 1, of § 34-2801. The convenience of the procedure can not affect the question. The conclusion reached requires a reversal of the judgment restraining the justice of the peace from taking evidence. The conclusion does not conflict, but is in accord, with the decision, cited by the defendant in error, in *Morgan* v. *Wason,* 162 *Ga.* 360 (133 S. E. 921), where an ordinary was required by the writ of mandamus to hear a contested municipal election. The ordinary alone had jurisdiction of the contest. See *Nash* v. *Robinson,* 159 *Ga.* 185 (125 S. E. 58), where the same principle was applied. In *Mills* v. *Bell,* 136 *Ga.* 687 (71 S. E. 1120), prohibition was held a proper remedy to restrain a justice of the peace from setting aside a judgment. *McDonald* v. *DeLaPerriere,* 178 *Ga.* 54, 57 (172 S. E. 1). In *Tupper* v. *Dart,* 104 *Ga.* 179 (30 S. E. 624), it was sought to prohibit the ordinary from hearing a contested municipal election. The court correctly held that the ordinary alone had jurisdiction to hear and determine the contest, and the superior court did not have jurisdiction. *McDonald* v. *DeLaPerriere,* supra. There was no insistence in the *Tupper* case that the superior court had jurisdiction. We hold in this case that the ordinary alone has jurisdiction to hear the contest; but also hold that testimony may be taken before a justice of the peace. We are not called upon to decide whether the evidence sought to be taken before the justice of the peace could be taken before the ordinary. On that question see *McDonald* v. *DeLaPerriere,* supra. The ruling here made is restricted to such county commissioners as are not commissioned by the Governor.

■ It is insisted that the opening of the ballot-boxes and the

examination of ballots may be prevented by injunction *or* writ of prohibition. The pleader uses a double-barreled legal weapon, and fires both barrels simultaneously. The court rendered the following judgment: "The within case coming on regularly to be heard, after hearing evidence and argument thereon, it is considered, ordered, and adjudged that Hon. W. A. Bailey, N. P. & J. P., of said county, has no authority or jurisdiction to subpœna witnesses or to hear evidence in the election contest by O. B. Burgess against W. N. Friar to contest the election of county commissioner for said county; and the writ of prohibition is hereby ordered, preventing the said W. A. Bailey from any further proceeding in said cause, it being the judgment of this court that the taking of testimony and the hearing and determination of said case can be legally had only before the ordinary of Stephens County, or, in case of his disqualification, before some other officer authorized by law to act in his stead; it being distinctly understood that this court does not assume authority to decide said election contest, but that same shall be decided by the officer provided by law for that purpose." The court did not pass separately upon the question of opening the ballot-boxes. The entire proceeding was prohibited, which of course prevented the opening of the ballot-boxes. In *McDonald* v. *DeLaPerriere,* supra, it is shown how ballot-boxes may be opened and what the effect is, where it is done illegally. *Judgment reversed. All the Justices concur.*