WEST *v.* LEWIS, ordinary.

438

*P. Q. Bryan,* for plaintiff.  *R. S. Roddenbery Jr.,* for defendant.

REID, Chief Justice. The present writ of error presents the question whether the judge of the superior court was correct in dismissing on demurrer a petition for mandamus brought by C. L. West against T. E. Lewis, ordinary of Colquitt County, seeking to compel the defendant to hear and determine two certain contests filed by the plaintiff to an election of aldermen held in and for the City of Moultrie on October 3, 1938. The plaintiff and C. W. Cook were among the several candidates for the three places as aldermen to be filled in said election. At the close of the election the election managers announced the following result: Vernon Brabham, 362 votes; G. F. Huber, 332 votes; C. W. Cook, 324 votes; C. L. West, 318 votes; W. C. Arwood, 293 votes; and Sam Jenkins, 245 votes. In accordance with the returns thus made Vernon Brabham, G. F. Huber, and C. W. Cook were declared elected. The petition for mandamus was in two counts. In the first count it was alleged that on October 6, 1938, the plaintiff instituted contest proceedings before Lewis against C. W. Cook; and that at the hearing held on October 17, 1938, Cook appeared and filed a demurrer thereto, which was sustained by the ordinary, and the contest was dismissed. It was further alleged that it was the clear duty of Lewis as ordinary to hear the contest, that he had no discretion in the matter, and that his action in dismissing the contest was unauthorized and wrongful. In the second count it was alleged that after the first contest was dismissed, and on October 22, 1938, the plaintiff, after paying all costs of the first contest, instituted a second contest proceeding against Cook, and that at the hearing held on October 29, 1938, this contest was also dismissed by the ordinary on a demurrer filed by Cook; and further, that this action of the ordinary was likewise unauthorized and wrongful. In both counts it was prayed that a mandamus nisi issue, calling on Lewis to show cause why he should not be required to hear and determine said contests "by hearing evidence and inspecting the ballots contained

in said ballot box," and that at the hearing the mandamus be made absolute.

■ Should a mandamus issue to compel the ordinary to hear the first contest filed by the plaintiff? Under the Code, § 34-3001, it is the duty of the ordinaries of the several counties of this State to hear and determine any contest that shall arise over an election of any municipal officer, "under the same rules and regulations as to the mode of procedure as prescribed in contests where commission is issued by the Governor." In hearing and determining an election contest under the provisions of the above section, the ordinary does not act in a judicial or quasi judicial capacity. *Shirley* v. *Gardner,* 160 *Ga.* 338 (127 S. E. 855). In such cases the sole jurisdiction of the ordinary is "to determine . . whether the person filing the contest, or the one who was declared elected, received the greater number of legal votes, and, in case the contestant received it, to declare him duly elected." *Walton* v. *Booth,* 151 *Ga.* 452 (107 S. E. 63); *Simpson* v. *Rimes,* 141 *Ga.* 822 (82 S. E. 291). While the decision and judgment of the ordinary upon the hearing as to which of the candidates received the greater number of legal votes is final and conclusive (*Harris* v. *Glenn,* 141 *Ga.* 687, 81 S. E. 1103; *Robertson* v. *Easley,* 20 *Ga. App.* 258, 92 S. E. 1027; *Carter* v. *Janes,* 96 *Ga.* 280, 23 S. E. 201; *Johnson* v. *Jackson,* 99 *Ga.* 389, 27 S. E. 734; *Caldwell* v. *Barrett,* 73 *Ga.* 604; *Tupper* v. *Dart,* 104 *Ga.* 179, 30 S. E. 624; *Burgess* v. *Friar,* 183 *Ga.* 386, 188 S. E. 526; *Kinman* v. *Monk,* 179 *Ga.* 132, 175 S. E. 458; *Sibley* v. *Park,* 175 *Ga.* 846, 166 S. E. 212), this is not true of a judgment of the ordinary dismissing a contest on demurrer and refusing to hear the same; and where the contest is based on grounds sufficient in law, mandamus will issue to compel the ordinary to hear such contest. *Morgan* v. *Wason,* 162 *Ga.* 360 (133 S. E. 921); *Chapman* v. *Dobbs,* 175 *Ga.* 724, 728 (166 S. E. 22). On the other hand, where the petition set out no valid ground of contest, the ordinary may sustain a motion to dismiss the petition. In such case, his judgment being correct, mandamus will not issue to compel him to hear the contest. *Norwood* v. *Peeples,* 158 *Ga.* 162 (122 S. E. 618). We find the following statement in the brief of counsel for the plaintiff: "For the sake of this argument, and in all fairness to the court, we abandon all the grounds of contest in the first contest, except ground one." It is therefore proper, in

determining whether count 1 of the petition for mandamus was meritorious, that we consider only this ground, which is as follows: "Contestant actually received 332 votes in said election, while contestee received 324 votes, and your contestant is therefore entitled to be declared winner in said election over said contestee. Contestant avers that a count of the ballots in the ballot-box filed in the office of the ordinary in accordance with law will show·that contestant received more votes than contestee. Contestant prays that said ballot-box be opened and said votes counted." The allegations in this ground assert that, though the returns of the election managers gave the plaintiff 318 votes to 324 votes for Cook, actually the plaintiff received 332 votes to 324 votes for Cook. No charge of fraud is made against the election managers in counting the votes and in making their returns, and the discrepancy existing between their return and the claims of the plaintiff is not otherwise explained. Prima facie the returns are to be taken as correct. *Cowart* v. *Waycross,* 159 *Ga.* 589 (120 S. E. 476). Public officers are presumed to have well and truly performed the duties cast upon them, until the contrary is shown. The plaintiff sets forth no fact or facts from which it may be reasonably concluded that he received 332 votes instead of 318 votes as shown by the returns; and when construed most strongly against him, this allegation can be considered to be no more than a conclusion of the pleader, based upon hope or suspicion, rather than upon facts. It follows that the ground amounts to no more than a demand "that said ballot-box be opened and said votes counted." "The jurisdiction conferred upon ordinaries to hear and determine contests arising over elections· for municipal officers is limited, and in such cases the ordinary has no power other than those conferred by the statute." *Simpson* v. *Rimes, Walton* v. *Booth,* supra. No power is conferred upon the ordinary, by any statute in this State, to recount the ballots cast, upon demand made therefor, in order to determine whether the returns made by the election managers are correct. As to when the ordinary is authorized to open a sealed ballot-box and examine the ballots, see Code, § 34-2802; *McDonald* v. *DeLaPerriere,* 178 *Ga.* 54 (172 S. E. 1); *McFarlan* v. *Foster,* 82 *Ga.* 813. It follows from what has been said, that the petition set out no valid and sufficient ground of contest, and that the court did not err in holding that the first count of the petition for mandamus was subject to demurrer.

In count 2 the plaintiff seeks to compel the ordinary to hear a second contest filed on October 22, 1938. The trial judge thought that the plaintiff should affirmatively allege that at the time this contest was filed Cook had not been sworn and had not entered upon the duties of the office of alderman of the City of Moultrie, and that in the absence of such allegation the petition was subject to demurrer. The charter of the City of Moultrie provides that "at 8:00 o'clock p.m. on the third (3rd) Tuesday in October following a regular municipal election the council shall meet at the usual place for holding its meetings, and the newly elected members shall assume the duties of office." Acts 1937, p. 1994, sec. 8. As pointed out in the first division of this opinion, the mode of procedure to be followed by the ordinary in hearing an election contest for municipal officers is that prescribed for contests where commission is issued by the Governor. Contests of the latter class are to be determined by the judge of the superior court, and the mode of procedure is as stated in the Code, § 34-2801. In paragraph 6 of that section it is declared that "No proceedings shall be begun to contest an election after the Governor shall have issued the commission to the officer elected." While it was said in *Burgess* v. *Friar*, 183 *Ga.* 386, 389 (188 S. E. 526), that "Any one or more of the rules designated [Code, § 34-2801], which are found legally impossible to apply in a contest falling under § 34-3001, must be disregarded;" it was suggested in the same connection that only the rules found in paragraphs 7 and 1 could have no possible legal application in cases of contest of elections of municipal officers. It is of course true that in a case of the present character, where the officer whose election it is sought to contest is not an officer to whom the Governor issues a commission, the literal terms of this provision can not be applied. This is true, however, of all of the provisions contained in that section. The manifest purpose and intent of the provision in par. 6, as above quoted, is that no contest of an election shall be begun after the person declared to have been elected has been sworn and has entered upon the performance of the duties of the office; and we think that a reasonable application of this section to elections of municipal officers, as provided in § 34-3001, prevents the institution of a contest after the person declared to have been elected has taken office, where this was done on or after the date prescribed therefor in the charter of the mu-

nicipality. As shown above, the charter of the City of Moultrie provides that the newly elected alderman shall assume office on the third Tuesday in October, which was October 18, 1938, or four days before the institution of the second contest. Though given an opportunity to amend, the plaintiff failed to allege in the petition for mandamus that Cook did not take office on October 18, as provided in the charter. In the absence of such an allegation, under the circumstances presented, the plaintiff showed no clear legal duty on the part of the ordinary to hear the second contest. In order to entitle one to the writ of mandamus, it must appear that he has a clear legal right to have the particular act performed, the doing of which he seeks to have enforced. *Adkins* v. *Bennett*, 138 *Ga.* 118 (74 S. E. 838). The judge was therefore correct in holding that the second count of the petition was also subject to demurrer. *Judgment affirmed. All the Justices concur.*