THOMPSON *v.* STONE.

No. 16637.  MAY 10, 1949.

244

*S. T. Allen,* for plaintiff.

*Daniel Duke,* for defendant.

CANDLER, Justice. (After stating the foregoing facts.) ■ "Whenever any contest shall arise over an election of any constable . . the same shall be filed with, heard and determined by the ordinary of the county wherein such contest may arise, under the same rules and regulations as to the mode of procedure as prescribed in contests where commission is issued by the Governor." Code, §§ 34-3001, 34-2801, 34-2802, 34-2803. The jurisdiction conferred upon an ordinary to hear and determine a contest arising out of an election of constable is limited, and he has no power other than that expressly conferred by statute. *McDonald* v. *DeLaPerriere,* 178 *Ga.* 54 (172 S. E. 1). In such a proceeding the ordinary does not act in a judicial or quasi-judicial capacity. *Cutts* v. *Scandrett,* 108 *Ga.* 620 (34 S. E. 186); *Shirley* v. *Gardner,* 160 *Ga.* 338 (127 S. E. 855). His sole authority and jurisdiction is "to determine . . whether the person filing the contest, or the one who was declared elected, received the greater number of legal votes, and, in case the contestant received it, to declare him duly elected." *Walton* v. *Booth,* 151 *Ga.* 452 (107 S. E. 63); *Simpson* v. *Rimes,* 141 *Ga.*

822 (82 S. E. 291). And it is only where the decision and judgment of the ordinary is based upon a hearing as to which of the candidates received the greatest number of legal votes in the election, that such judgment is final and conclusive on the parties. *Harris* v. *Glenn*, 141 *Ga.* 687 (81 S. E. 1103); *Tupper* v. *Dart*, 104 *Ga.* 179 (30 S. E. 624); *Kinman* v. *Monk*, 179 *Ga.* 132 (175 S. E. 458); *Burgess* v. *Friar*, 183 *Ga.* 386 (188 S. E. 526). Where the petition filed in a contest of an election fails to set out a valid and sufficient ground of contest, and a ground coming within the jurisdiction of the ordinary in such a case, it is error for the ordinary to refuse to dismiss such petition on motion made for that purpose. *Norwood* v. *Peeples*, 158 *Ga.* 162 (122 S. E. 618); *West* v. *Lewis*, 188 *Ga.* 437, 439 (4 S. E. 2d, 171).

In the present case, there is no contention that any vote cast in the election of constable was illegal, or that the result of the election as certified by the election managers to the ordinary was not correct. The sole ground of contest, as alleged in the petition filed for that purpose, was that Stone, whose name was certified as having received the greatest number of legal votes cast, was not qualified as a candidate for the office because he was not a duly registered voter of the county on the day of the election. Clearly this was an attempt to raise a judicial question, a determination of which would be without the scope of authority conferred on the ordinary in an election contest case. The ordinary therefore erred in refusing to dismiss the petition on motion of Stone, and the subsequent findings and orders were void. This being true, Stone, in the capacity of a citizen of the district, could thereafter institute and maintain a proceeding in the nature of a quo warranto for the purpose of inquiring into the right of Thompson to exercise the functions of the office of constable in the district under and by virtue of the void judgment of the ordinary. Code, § 64-201; *Hathcock* v. *McGouirk*, 119 *Ga.* 973 (47 S. E. 563); *Malone* v. *Minchew*, 170 *Ga.* 687 (153 S. E. 773); *Sweat* v. *Barnhill*, 171 *Ga.* 294 (10) (155 S. E. 18).

■ Thompson, the plaintiff in error, contends that where a person who is ineligible to hold an office receives a majority of the votes cast in an election, the effect is not to invalidate the election, but to declare the qualified person who receives the next highest number of votes to be elected. He relies upon *Pearson* v.

*Lee,* 173 *Ga.* 496 (160 S. E. 369) as authority for that contention. While that decision contains some language which might appear to be in conflict with the ruling made by the trial court in the present case, yet the court was there dealing with a mandamus proceeding brought to require the clerk of the superior court to call an election for ordinary, and the question before the court was whether or not a vacancy existed in that office. The decision was not concurred in by a full bench, and if conflicting, must yield to older full-bench decisions which have passed on the identical question now before the court. In *Dobbs* v. *Buford,* 128 *Ga.* 483 (57 S. E. 777), this court held: "The effect where a person who is ineligible to hold the office receives a majority of the votes cast in an election is not to give the office to the qualified person having the next highest number of votes, but to invalidate the election; and in such a case a new election must be held." In *Crovatt* v. *Mason,* 101 *Ga.* 246, 257 (28 S. E. 891), this court held: "In the case of the *State ex rel. Hardwick* v. *Swearingen,* 12 *Ga.* 23, this court held that a person receiving only a minority of the legal votes polled is not entitled to be installed into an office, notwithstanding the incumbent be removed on account of some personal disqualification. Under such circumstances a new election will be ordered. The American doctrine, supported by an undoubted preponderance of authority, is that though the candidate receiving the highest number of votes because of his ineligibility fail of an election, yet the votes cast for him are so far effectual as to prevent the election of other candidates, and there is no election at all. 52 Am. Dec. 149; 14 Wis. 497; 13 Cal. 145; 21 La. 289; 53 Mo. 97; 47 Miss. 266; 66 Pa. 270. Unless the votes for an ineligible person are expressly declared to be void, the effect of such person receiving a majority of the votes cast is, according to the weight of American authority and the reason of the matter, that a new election must be held, and is not to give the office to the qualified person having the next highest number of votes."

Accordingly, the trial judge did not err in holding the election void because of Stone's admitted ineligibility, and in the judgment ordering the commissions of office issued to Stone and Thompson vacated, annulled, and canceled.

*Judgment affirmed. All the Justices concur.*