## CARTER *v.* JANES, judge.

The act of December 29th, 1893 (Acts of 1893, p. 124), "to provide for the filing, hearing and determination of contests in contested elections in this State, and for other purposes," does not invest the superior courts of this State with any jurisdiction in such cases. The provision in that act which declares that "All papers and proceedings, or copies of them duly certified by the presiding officer or agreed to by the parties in writing, must be transmitted, within five days after the closing of the testimony so taken, to the judge of the superior court of the circuit wherein the contest may arise, who shall hear and determine the same, either in term time or in chambers, after giving reasonable notice to the parties concerned, or their counsel, of the time and place of hearing," does not confer upon the judge of the superior court the power to exercise with respect to such matters a judicial function, but simply, by reference to the office, designates that officer as the person who shall perform those duties which theretofore pertained as one of its political functions to the executive branch of the government, but which for the public convenience the General Assembly, without changing the nature of the service, saw fit to impose upon other public officials. No jurisdiction to hear and determine such matters is conferred upon any superior court, but a duty is simply imposed upon the person who happens to be a judge of those superior courts which compose his circuit; and inasmuch as the jurisdiction of the Supreme Court is limited by the constitution to the "trial and correction of errors from the superior courts, and from the city courts of Atlanta and Savannah, and such other like courts as may be hereafter established in other cities," this court would have no jurisdiction to hear and determine, and consequently no power to direct the signing of a writ of error to the judgment of any court or functionary other than those enumerated.

Aside from these considerations, the purpose of the General Assembly to make the finding of the judge of the superior court final as to the proceedings before him, is made evident not only by the failure of the act to provide for a review thereof, but by the failure as well to provide any machinery whatever by which the decision complained of, and the record upon which it is based, could be transmitted to this court.

March 18, 1895.

Application for *mandamus.*

BURTON SMITH, C. L. PETTIGREW, BLANCE & FIELDER and J. K. DAVIS, for movant.

IRWIN & BUNN and KING & MUNDY, *contra.*

ATKINSON, Justice.

Under the provisions of an act of the General Assembly, approved December 20th, 1893 (see Acts 1893, p. 124), the plaintiff in error instituted proceedings to contest the election of another who had been declared elected sheriff of the county of Polk, in this State. The testimony was taken for both sides, presumably in accordance with the terms of that act; and after it had been so taken, the entire record was submitted, under the provisions of the act referred to, to the judge of the superior court of the judicial circuit including the county of Polk. Upon consideration of the evidence, a decision was rendered by him adverse to the contestant; and, complaining of certain errors alleged to have been committed upon the trial, the contestant presented to the judge a bill of exceptions to the end that the same might be certified to this court for review. The judge to whom the bill of exceptions was submitted, declined to certify the same, assigning as a reason that the decision complained of was not subject to review in this court. Thereupon the contestant applied to this court for a writ of *mandamus*, directing the judge of the superior court to certify the bill of exceptions; and we are now to consider whether a *mandamus nisi* should issue.

The Supreme Court is a court of limited jurisdiction. As will be seen by reference to the constitutional provisions under which it is organized, original jurisdiction is expressly denied to it, and it is declared to be "a court alone for the trial and correction of errors from the superior courts, and from the city courts of Atlanta and Savannah, and such other like courts as may be

hereafter established in other cities." In order for this court to take jurisdiction of any cause whatsoever, the rules of procedure under which it must be determined must be so framed as that the cause shall be first heard and determined in one of the several courts enumerated. Otherwise, by the constitution, jurisdiction in the premises is expressly denied to this court. In determining, then, whether this plaintiff is entitled to a writ of *mandamus*, we are to consider, first, whether the cause is such an one as can be reviewed in this court. In determining that question, it will be necessary to consider and to interpret some of the provisions of the act under which this contested election proceeding was had. According to the rules of procedure in this court, in order for a bill of exceptions to be entertained here, it must be certified by the clerk of the court in which the cause was tried. A transcript of the record must likewise be certified to this court by the clerk of the court in which the cause was tried. If there is no provision of law creating the office of clerk of that court, then neither the bill of exceptions nor transcript of the record could be certified to this court as required by law. It will be observed from the language of the statute in question, that this case was neither returned to, nor returnable to, any superior court. Its provision upon that subject is, that "All papers and proceedings, or copies of them duly certified by the presiding officer or agreed to by the parties in writing, must be transmitted within five days after the closing of the testimony so taken, to the judge of the superior court of the circuit wherein the contest may arise, who shall hear and determine the same, either in term time or in chambers, after giving reasonable notice to the parties concerned, or their counsel, of the time and place of hearing." It will be seen that the contest is not made returnable to the superior court, but it is made returnable to the judge of the circuit, and it

is made his duty to hear and determine the same, either in term time or chambers. The scheme of the act contemplates that it shall not wait and be determined in its order, as other judicial proceedings. A contest may arise in one county while the circuit judge is holding a superior court in another, in which latter case it is made the duty of the circuit judge, either in term time or in chambers, to determine the contest. In such a case, in which superior court would the cause be pending—in the superior court of the county in which the contest arose, 'or in the superior court in which the contest was decided? A writ of error cannot issue except to a superior court; and inasmuch as no jurisdiction in such cause is vested in any superior court, it would be impossible to execute a writ of error if one were issued. We take it, then, that if the General Assembly had designed that this proceeding should take upon itself any of the features of a judicial function; if it had been designed that the conclusion of the judge of the superior court should have assumed the dignity of a solemn judicial utterance so as to have enabled this court to review its judgment, it would have made this proceeding returnable to some superior court. It must be borne in mind that the superior court is one thing, and the person who happens to be judge of that court entirely a different thing. 'Suppose, instead of naming the judge of the superior court as the person who should pass upon these contested elections, the matter had been referred to a justice of the peace, or the ordinary, not as a judge of the justice's court, nor as a judge of the court of ordinary, but as a simple individual, while, in a certain sense, the exercise of a certain discretion or judgment is involved in the determination of the question, there is no such association between the person and the forum in which he presides ordinarily as would make all of his extrajudicial acts

partake of a judicial nature.   So the mere reference of these contests to the judge of the circuit, did not impose upon him the discharge of a strictly judicial function with reference thereto.   Upon the contrary this duty was one which theretofore pertained, as one of its political functions, to the executive branch of the government, but which, for the public convenience, the General Assembly, without changing the nature of the service, saw fit to impose upon other officials.   If, under this statute, these questions had been referred to the comptroller-general or to the secretary of state, it could, with equal propriety, have been urged that a writ of error would lie from the judgment rendered by him.   When we consider that the Supreme Court is a court for the correction of errors from the superior courts and certain other designated courts, and that the enumeration of those courts is a denial of its jurisdiction as to any other, it is manifest that from the judgment of the judge of the circuit in which one of these contests originates, no writ of error will lie to this court.   For these reasons, and for the further, that a writ of error, even if issued, must in the end prove nugatory and fruitless for the want of jurisdiction in this court to determine it, the writ of

*Mandamus nisi must be denied.*