## JOHNSON *v.* JACKSON.

The act of December 20th, 1893, "to provide for the filing, hearing and determining of contests in contested elections in this State" (Acts 1893, p. 124), is not violative of paragraph 23 of section 1, article 1 of the constitution (Code, §5015), which declares, "The legislative, judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of óne shall at the same time exercise the functions of either of the others, except as herein provided."

May 4, 1896. Argued at the last term.

Equitable petition.    Before Judge Hutchins.    Oconee superior court.    June 13, 1895.

To the petition of J. W. Johnson against A. C. Jackson a demurrer was interposed, and was sustained. The petition alleges, that at an election duly and legally held for tax-collector and other county officers of Oconee county on the first Wednesday in January, 1895, Johnson was elected tax-collector, has entered upon the discharge of the duties of that office and is enjoying the fees and emoluments thereof; that upon a consolidation of the votes cast at said election, as required by law, he received, as shown by the consolidated return of the superintendents of said election, 324 legal votes, and his opponent, Jackson, received only 296 legal votes; that thereafter he was declared duly and legally elected to the office, took possession and has since been discharging the duties thereof; that the superintendents duly subscribed two certificates as provided by law, and transmitted one of them, together with a list of voters and tally-sheet, to the Governor, and the other with like accompaniment was directed to the clerk of the superior court of said county, and by him deposited in his office. Johnson is a citizen of said county.    He is entitled to the office.    In January, 1895, Jackson instituted his contest therefor, under the provisions of the act of the General Assembly approved December 20, 1893.    The evidence taken on said contest was submitted to the judge of the

superior courts of the Western circuit.   Upon the hearing of said case, before the same was considered on its merits, Johnson filed his demurrer on the ground, that the act before mentioned is unconstitutional, in that it imposes upon the judge of the superior courts the discharge of political and executive duties and functions, and said judge therefore had no jurisdiction to hear and determine the matter. The demurrer was overruled; and after considering the papers and proceedings in said case submitted, the judge decided the contest in favor of Jackson; by virtue of which decision he is claiming the office and is threatening to attempt to dispossess Johnson of the same.   Jackson is utterly insolvent.   Johnson charges that the act of 1893 is unconstitutional for the reason before stated, and that the decision of the judge under which Jackson claims the office is null and void and of no force and effect, for want of jurisdiction and because the entire proceeding is illegal.   If he be allowed to dispossess Johnson of the office, Johnson will be deprived of his property without due process of law. The prayer is, for injunction, etc.

The demurrer was on the ground, that the matters complained of had been heard and disposed of by the legally constituted tribunal, said act being constitutional and the finding of the judge final in the matter.

*Lumpkin & Burnett*, by *Harrison & Peeples*, for plaintiff.   *E. T. Brown*, for defendant.

ATKINSON, Justice.

The act of 1893, which provides for the filing, hearing and determining of contests in contested elections in this State, and for other purposes, was designed to create, and did create a special tribunal for the purpose of determining that class of controversies.   The judge of the superior court is designated as the officer who shall preside in that tribunal.   The particular duty devolving upon him by the terms of that act was one of those which theretofore be-

longed to the executive department of the government, and, whether properly or not, was required to be exercised by the Governor.  The functions required to be performed by the person designated in the act as the presiding officer of this special tribunal were not such as appertain to his office as judge of the superior court.  Questions might arise in the trial of that class of cases which involve the exercise of a judicial function, but it was such a function as might have been exercised by any other person or officer to whom it might have been referred.  The question under consideration by this court in the case of *Carter* v. *Janes,* 96 *Ga.* 281, was not directly whether the duties required of the superior court judge by the terms of this act were in any sense of a judicial nature, but whether a writ of error would lie direct from the judgment pronounced by him in such a case; and this court ruled that the writ of error did not lie from the judgment or decision of this special tribunal, and in discussing the character of the functions exercised by the circuit judge, the writer of the opinion in that case used an expression which, unless properly understood, might possibly be misleading.  The expression to which we refer is, "We take it, then, that if the General Assembly had designed that this proceeding should take upon itself any of the features of a judicial function; if it had been designed that the conclusion of the judge of the superior court should have assumed the dignity of a solemn judicial utterance so as to have enabled this court to review its judgment, it would have made this proceeding returnable to some superior court."  From the use of such language the inference might be drawn, that this court intended to say that the duty imposed upon the circuit judge was in no sense of a judicial character; but the idea intended to be conveyed by that expression was, that the person to whom these duties were assigned was not required to deal with the subject in his capacity as judge of the superior court, not intending to say that he might not, in passing

upon these matters, be discharging a judicial function in the sense that an inferior judicatory would be when dealing with a similar subject. The General Assembly has ample power, under the constitution, to create courts to which it may, in its discretion, refer any matter for adjudication, provided, by the constitution, exclusive jurisdiction is not vested in a special court. In the creation of this special tribunal, it was the purpose of the General Assembly manifestly to transfer from the executive to the judicial branch of the government the determination of questions arising in contested elections. We know of no reason why that kind of questions may not be properly classed as involving judicial inquiry, and, if so, the conferring of jurisdiction to determine them upon the judge of the superior court, not in his capacity as judge of the superior court, but in his capacity of presiding officer in the special court thus established, would not contravene that provision of the constitution of the State of Georgia which declares, "The legislative, judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall at the same time exercise the functions of either of the others, except as herein provided." The lines of demarcation are not always clearly and distinctly drawn between those duties which appertain properly to the executive, and those which appertain properly to the judicial branch of the government; and we are of the opinion that the duties required of the superior court judge in these particular cases are so intimately involved with the exercise of a judicial discretion, that they may, with even greater propriety, be classed as judicial, rather than as functions appertaining to the executive. The questions made in this case having been determined by the judge of the superior court presiding in the special tribunal referred to, the judge properly ruled that his finding in that proceeding was conclusive, and did not err in overruling the demurrer, or in rendering the judgment of which complaint is made.

*Judgment affirmed.*