Bowen *et al. v.* Clifton *et al.*

LITTLE, J. 1. The act of the General Assembly, approved November 9, 1897 (Acts 1897, p. 87), which provides for the filing, hearing, and determining of contests in elections held for the removal of county-sites in this State, and which confers upon the secretary of State the power and makes it his duty to hear and determine such contests on evidence previously taken under the terms of the act, is not in conflict with paragraph 23, section 1, article 1 of the constitution, which declares: "The legislative, judicial and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall at the same time exercise the functions of either of the others, except as herein provided."

2. The terms of the act do not confer on the secretary of State the power to perform "duties" or to exercise "functions" belonging to the judicial department of the State government, in the sense in

which the words just quoted are used in the constitutional provision above mentioned; but the effect of the act is to vest in the secretary of State the duty of hearing and passing upon the questions raised in such a contest; and this, being a duty which pertains largely to matters of a political nature, is one properly exercisable by an executive officer of the government. See *Carter* v. *Janes*, 96 *Ga.* 280; *Johnson* v. *Jackson*, 99 *Ga.* 389.

*Judgment affirmed. All the Justices concurring.*

Argued June 24, — Decided July 23, 1898.

Petition for prohibition. Before Judge Lumpkin. Fulton county. June 11, 1898.

On November 10, 1897, an election was held in Wilcox county for the purpose of determining whether the county-site should be changed from its present location at Abbeville to Rochelle. The apparent result, as shown by the face of the returns, was 2,128 ballots cast in favor of removal, and 1,323 ballots against it. Five days afterward, fifteen persons, who with the secretary of State constitute the defendants to the present petition, filed in the ordinary's office a notice of a contest of the election, under the act of 1897, embracing a number of grounds of contest. It was demurred to by the petitioners in this case, on various grounds; and they as contestees filed their notice of cross-grounds of contest, to which the contestants demurred. Copies of these papers are attached as exhibits to the petition. Under the contest proceedings, evidence was submitted by both sides, and various objections were made by both parties to the admissibility of evidence, which objections were duly certified by the presiding magistrate. All the proceedings, including evidence and objections thereto, were transmitted to the secretary of State, who has notified the contestants and contestees that he will proceed to hear and determine the contest on June 13, 1898, and will certify to the next General Assembly the result, not as it shall appear upon the face of the returns, but as shall have been judicially decided by him after having passed upon the numerous questions of law and disputed issues of fact involved in the contest. He has been urged to refuse to proceed under the act of 1897, on the ground that it is unconstitutional; but he refuses so to hold, and announces that he will proceed in conformity to its provisions. The contestants in-

troduced evidence in support of each and every ground stated in the notice of contest, and the contestees introduced evidence in rebuttal thereof; and the converse is true as to the cross-grounds of contest; thus making an issue of fact upon each ground of the contest and of the cross-contest. Many issues of law are presented by the respective demurrers, and by the various objections to the admissibility of evidence. Petitioners contend that there is no law authorizing the secretary of State to hear and determine said contest; that they have no remedy except the writ of prohibition, etc. The judge to whom the petition was presented declined to sanction it, or to grant a restraining order.

*Cutts & Lawson* and *Bankston & Cannon*, for plaintiffs.

*J. M. Terrell, attorney-general, E. D. Graham* and *D. B. Nicholson*, for defendants.