8550, 8581.  ROBERTSON v. EASLEY; and vice versa.

Where the election of a county officer was contested under sections 121 to 123, inclusive, of the Political Code (1910), and the evidence which was taken before a justice of the peace of the county, together with all the papers filed in the contest, was duly transmitted to the judge of the superior court of the circuit in which the contest arose, the decision by the latter therein is final, and the writ of certiorari will not lie to review the same. Consequently, the judge of the superior court succeeding the judge by whom the contest was decided did not err in dismissing the certiorari by which it was sought to review the decision of his predecessor in office. He did, however, after sanctioning the certiorari, err in reviewing, reversing, and declaring void the judgment of his predecessor.

DECIDED JUNE 15, 1917.

Certiorari; from Catoosa superior court—Judge Tarver. February 7, 1917.

W. E. Mann, M. L. Harris, for Robertson.

G. G. Glenn, F. K. McCutchen, C. D. McCutchen, Maddox, McCamy & Shumate, contra.

GEORGE, J.  C. L. Easley, the defendant in error in the main bill of exceptions, was declared elected tax-collector of Catoosa county by a majority of 96 on the face of the returns. A. B. Robertson, plaintiff in error in the main bill of exceptions, contested the election on the grounds, that he received a majority of the legal votes cast in the election; that a number of votes cast for

Easley were illegal, because of nonpayment of taxes, and for various other reasons; that a large number of persons who voted for Easley were not legally registered; that is, their names did not appear upon the permanent registration book; and that there was a sufficient number of illegal votes cast for Easley to change the result of the election. Testimony was taken, as required by law, before a justice of the peace of the county, who duly certified the case, together with the evidence, to Hon. A. W. Fite, the judge of the superior courts of the Cherokee circuit. Judge Fite set the case for hearing and both sides were duly notified. Both parties to the contest appeared before the judge, and, after argument, the following order was entered: "This case of A. B. Robertson, contestant, *vs.* C. L. Easley, contestee, Catoosa county, Georgia, coming on for a hearing, and it appearing that the contestant A. B. Robertson has a greater number of legal votes than C. L. Easley, contestee, it is therefore considered, ordered, and adjudged by the court that the said A. B. Robertson be and he is hereby declared tax-collector in and for said county for four years beginning January 1st, 1917; the court holding that the supplemental list of voters made up, filed, and furnished by the registrars was unauthorized by the law and in contravention thereof, and that all votes cast by persons whose names appear on such supplemental list are illegal." Robertson was duly commissioned by the Governor prior to January 1st, 1917. His honor M. C. Tarver, on January 1st, 1917, succeeded Judge Fite as judge of the superior courts of the Cherokee circuit. Counsel for defendant in error then applied by petition to Judge Tarver for the writ of certiorari, to review and to correct the judgment of Judge Fite in the said contested election case; the ground of attack being that the judgment of Judge Fite was erroneous in that the judge did not find the number of legal votes cast for the respective parties, and did not determine which party had received the greatest number of legal votes cast for the respective parties, and did not determine which party had received the greatest number of legal votes cast in the election, but determined that certain voters whose names appeared upon a supplemental list were not entitled to vote in the election. Judge Tarver sanctioned the writ of certiorari and it was duly issued; a hearing was had before him, and he found in effect that Judge Fite had not acted within the terms of the authority conferred by

sections 121 to 123, inclusive, of the Political Code (1910), and that the judgment of Judge Fite in the election contest was therefore void, and upon this ground dismissed the certiorari. Robertson filed exceptions to the order then entered by the judge. No exception was taken by him to the dismissal of the certiorari, but he excepted specially to that part of the order which in effect ruled that the decision of Judge Fite was void. Easley filed a cross-bill of exceptions, and therein complained that the judge should not have dismissed the certiorari, but should have heard and determined the case, and should have corrected the decision of Judge Fite. He insisted that the action of Judge Fite was outside the authority conferred upon the judge as a special tribunal under sections 121 to 123, inclusive, of the Political Code (1910).

The Supreme Court, in construing the act of 1893 (Acts 1893, p. 124) from which the code-sections as to contested elections are taken, held, in the case of *Carter* v. *Janes,* 96 *Ga.* 280 (23 S. E. 201), that no bill of exceptions would lie to that court from the decision of the judge of the superior court in contested election cases. In the case of *Harris* v. *Glenn,* 141 *Ga.* 687 (81 S. E. 1103), the Supreme Court held that "where a contest arises over the election of municipal officers, and the same is filed with and heard and determined by the ordinary of the county wherein such contest may arise, the decision by the ordinary in such contest is final, and in rendering it he does not act in a judicial capacity. Consequently the judge of the superior court did not err in refusing to sanction the certiorari which the plaintiffs in error sought to sue out for the purpose of having the decision of the ordinary, in a contest of the nature indicated above, reviewed and reversed." The act of 1893 conferred upon the judge of the superior court of the circuit the right to hear and determine certain election contests, and conferred upon the ordinary of the county the right to. hear and determine contests arising over the election of constables, municipal officers, and other officers "not hereinabove provided for." With respect to the contests to be heard by the ordinary it is provided that "the same shall be filed with, heard, and determined by the ordinary of the county wherein such contest may arise, under the same rules and regulations as to the mode of procedure as prescribed in contests where commission is issued by the Governor." Political Code (1910), § 125. Under the act of 1893,

as construed by the Supreme Court, the judge's decision in a contested-election case is final, and can not be reviewed either by direct bill of exceptions or by writ of certiorari.

Counsel for the defendant in error rely upon the decision in the case of *Simpson* v. *Rimes,* 141 *Ga.* 822 (82 S. E. 291). In that case it was held that "The jurisdiction conferred upon ordinaries to hear and determine contests arising over elections for municipal officers is limited, and in such cases the ordinary has no power other than those conferred by the statute." Accordingly, it was there ruled that a judgment of the ordinary, which on its face was based upon the finding that certain persons were qualified voters at the election, and that they would have voted for the contestants if they had been allowed to vote, and that these votes, when added to the votes cast and counted at the election, would have resulted in the election of the contestants, was void, and that the judge of the superior court erred in giving it effect and ousting the defendants from office. The Supreme Court in that case, in speaking of the statute now under consideration, said (p. 824) : "This authorizes the ordinary to inquire into the legality of votes cast on both sides and decide on the legality thereof." Also : "There is no provision whatever for the ordinary to enter into a general consideration of supposed equitable rights or other rights of contestants, and base his decision upon assumptions of how voters would have voted had they been permitted to vote." That decision, in our view of it, is not authority for the position taken by counsel for the defendant in error. By the terms of the order of Judge Fite, set out in the statement of facts in this case, the judge found that Robertson had received the largest number of legal votes and was therefore entitled to the office. Whether right or wrong, this question was for decision by the judge, and his judgment is final.

Counsel for defendant in error have called our attention to the case of *Johnson* v. *Jackson,* 99 *Ga.* 389 (27 S. E. 734), and insisted that the decision in that case reviews and practically overrules the decision in *Carter* v. *Janes,* supra, and that the decision in *Harris* v. *Glenn,* supra, did not reverse the decision in the *Johnson* case, because that case is not referred to in the *Harris* case. Inasmuch as there is an apparent conflict in the decision in these cases, it is suggested that the matter be certified

to the Supreme Court, in order that this apparent conflict may be reconciled. We do not agree that there is a conflict in the decisions of the Supreme Court upon the question here involved. Since counsel may have the question reviewed by writ of certiorari from the Supreme Court, we decline to certify the question.

Our chief difficulty in this case is to determine the proper judgment to be entered. We are clear that the judge of the superior court had no authority to grant the writ of certiorari to review the decision of Judge Fite in the election contest. It was therefore right to dismiss the certiorari. The judge of the superior court did not stop, however, with a dismissal of the certiorari. He at once reviewed, overruled, and declared void the decision of Judge Fite in the contest, and dismissed the certiorari because it attempted to review a void judgment. From the brief of counsel in the case it appears that the judge of the superior court, after the dismissal of the certiorari, entertained jurisdiction of the contest, heard, and determined the same, and ousted the plaintiff in error, and declared the defendant in error legally elected as tax-collector of Catoosa county. He was right in dismissing the certiorari, but he was wrong in reviewing, reversing, and declaring void the decision of Judge Fite. He had no authority to do so, under our view of the law, as we understand the decisions of the Supreme Court. On the main bill of exceptions we will, therefore, affirm the judgment dismissing the certiorari, and reverse so much of the judgment as declared the decision of Judge Fite void.

*Judgment on main bill of exceptions affirmed, with direction; cross-bill of exceptions dismissed. Wade, C. J., and Luke, J., concur.*