## FELTON *v.* BENNETT, superintendent of banks.

1. Among general rules to be applied in determining whether a legislative enactment offends a constitutional provision, and is for that reason void, are the following: (1) All doubts upon the subject of unconstitutionality are to be resolved in favor of constitutionality, in order (if it be legally possible) to give effect to the manifest legislative intent. (2) If it be found that the enactment is in some respects invalid and such portions must be avoided, the court will nevertheless preserve all portions of the legislation which are valid and enforceable. (3) That a portion of an act of the General Assembly is for any reason unconstitutional and void is of no concern to one whose rights are unaffected by this fact, since his rights depend upon the validity or invalidity of a different portion of the law.

2. So far as the rights of the plaintiff are affected, the banking act of 1919, "to regulate banking in the State of Georgia, to create the department of banking of the State of Georgia," etc., which provides for the appointment of a State superintendent of banks, prescribing the duties of this superintendent, "and for other purposes" (Ga. L. 1919, p. 135), is not unconstitutional because in conflict with that clause of art. 3, sec. 7, par. 8, of the constitution of Georgia (Civil Code, § 6437) which provides that "No law or ordinance shall pass which refers to more than one subject-matter."

3. Nor is any portion of that act which is pertinent to the issues in this case violative of the foregoing constitutional provisions for the reason that there is contained in the body of the act "matter different from what is expressed in the title thereof."

4. The banking act of 1919 does not violate art. 1, sec. 1, par. 23, of the constitution of Georgia (Civil Code, § 6379), which declares that: "The legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall at the same time exercise the functions of either of the others, except as herein provided." It is within the power of the General Assembly, without violating the foregoing provision of the constitution, to impose upon a designated official the exercise of duties essentially ministerial, though quasi-judicial, by the creation of administrative departments subject to the Governor as the head of the executive department, and thus to create new departments which in no wise affect the distinctness and independence of either the legislative, judicial, or executive departments provided for by the constitution.

5. The decision of this case is not affected by the passage of the act of 1925 (Ga. L. 1925, p. 119). The constitutionality of section 20 of the original act of 1919 being for decision by a full bench of six Justices, who are equally divided in opinion, Russell, C. J., and Hill and Gilbert,

Banks and Banking, 7 C. J. p. 481, n. 61.

Constitutional Law, 12 C. J. p. 760, n. 57; p. 762, n. 60; p. 764, n. 71; p. 787, n. 96; p. 790, n. 7; p. 791, n. 19; p. 794, n. 23; p. 899, n. 1, 3; p. 901, n. 28, 29; p. 902, n. 34.

Courts, 15 C. J. p. 938, n. 47; p. 966, n. 78.

Statutes, 36 Cyc. p. 1022, n. 1; p. 1106, n. 29.

JJ., being of the opinion that the provision of section 20 of article VII, as to the right to file affidavit of illegality, is unconstitutional, while Beck, P. J., and Atkinson and Hines, JJ., are of the opinion that the provision referred to does not deprive the defendant in fi. fa. of an appropriate means of asserting his rights upon a trial as to the illegality of the levy, the judgment of the lower court is affirmed by operation of law.

6. A consideration and determination of the question whether the provision of section 20 of article VII of the act of 1919 is violative of the due-process clause of the fourteenth amendment to the constitution of the United States being for decision by a full bench of six Justices, who are equally divided in opinion, Russell, C. J., and Hill and Gilbert, JJ., being of the opinion that the nature of this provision is such as to deprive the plaintiff in error of her property without due process of law within the terms of the fourteenth amendment, and Beck, P. J., and Atkinson and Hines, JJ., being of the contrary opinion, the judgment of the lower court upon this point is affirmed by operation of law.

No. 5438. FEBRUARY 25, 1927.

Equitable petition. Before Judge Humphries. Fulton superior court. March 19, 1926.

*Hooper Alexander* and *Robert P. McLarty,* for plaintiff.

*Orville A. Park, Luther Roberts, Alex. W. Smith, C. N. Davie,* and *J. A. Lowrey Jr.,* for defendant.

RUSSELL, C. J. On November 20, 1924, the directors of the Bank of Donalsonville surrendered to the superintendent of banks its business and assets, for the purpose of liquidation. The petition in this case alleges that "the defendant seized its [the bank's] assets under a claim of legal right hereinafter more fully explained, and proceeded to administer its affairs. Claiming and alleging that petitioner was and is a stockholder in said corporation, and liable as such to contribute a sum equal to the par value of said stock, to wit, $1,500, for the payment of depositors, defendant is now declaring that, in his alleged capacity as State bank superintendent, he has the right to issue a writ to the sheriff of Bartow County, commanding him to levy on and seize a sufficiency of petitioner's property to make said sum, and is actually threatening to do so. And petitioner is advised and believes that if such writ is issued it will be obeyed." It is alleged in the third paragraph of the petition that the defendant has no such authority as he claims, and that a levy and sale made in obedience to such writ will be unauthorized and void, with the result of creating a cloud on petitioner's title and entailing so much expense as to amount to serious injury and damage. It is not necessary, nor would it be profitable, to

state the contents of all of the 102 paragraphs in the petition, because the State banking act of 1919 (Ga. L. 1919, p. 135) as a whole is attacked as unconstitutional, and the petitioner prays for an injunction restraining the defendant from issuing or levying a fi. fa. for the amount of an assessment at the rate of $100 per share upon the petitioner's stock in the bank; and it is alleged that the damage resulting from such levy and sale will be irreparable, and that petitioner has no adequate remedy at law. The court sustained a demurrer and dismissed the petition. The plaintiff excepted to that judgment.

The general demurrer asserts: (1) That the petition sets forth no cause of action. (2) That there is no equity in the petition. (3) That the plaintiff has a full, adequate, and complete remedy at law. (4) That no facts are alleged which would entitle plaintiff to the relief sought. (5) That the banking act approved August 16, 1919, and the acts amendatory thereof, are not in conflict with the constitution of this State or of the United States, and said act is not unconstitutional upon any of the grounds alleged in the petition; nor is any portion of the act unconstitutional because in conflict with any provision of the constitution of Georgia or of the United States. (6) That before the plaintiff can obtain equitable relief she must do equity; that it is alleged in paragraph 99 of the petition that there are no available assets with which to satisfy the depositors of said bank; and that the plaintiff, by representing herself as a stockholder, admits her liability to the depositors thereof, and is estopped to deny her liability, and should pay off or offer to pay said liability before appealing to a court of equity. No ruling will be made as to the special demurrers, because the decision upon the general demurrer is controlling, inasmuch as, if the court properly dismissed the petition on general demurrer, it would become impossible to amend so as to cure the defects pointed out by the special demurrers.

In addition to specific assignments of error based upon particular portions of the constitution to which special attention is directed, there is a general assignment that the entire banking act of 1919 is unconstitutional and void. The court can not sustain this contention. It is true that in *Corenblum* v. *State,* 153 *Ga.* 596 (113 S. E. 159), the provision of the act with reference to imposing criminal liability upon the makers of worthless checks

was held to be invalid under art. 3, sec. 7, par: 8, of the constitution; and the court may have dealt, or may in the future have to deal, with other portions of the act now under consideration which will be found void because not included within the title of the banking act of 1919, or because not germane to the purposes of the legislation as indicated by its caption. But, as will be hereinafter pointed out, an act of the General Assembly will not be declared to be unconstitutional as a whole because it may contain in the body of the act some matter foreign to its purpose as indicated by the caption. Among cardinal rules of construction which are to be applied in determining whether particular legislation is unconstitutional is the rule which requires that, even though a portion of an act is unconstitutional, the court should preserve and give effect to that part of the legislative will as expressed in the act which is not unconstitutional; that if there be doubt as to the constitutionality of any provision in the enactment, all doubts are to be resolved in favor of the execution of the legislative intent; and that it is immaterial that a portion of the act be unconstitutional if that portion which affects a complaining litigant is free from infirmity and enforceable without impinging any constitutional inhibition.

The General Assembly of this State at its session in 1919 passed an act to create a department of banking, and to provide for the appointment of a superintendent of banks, with a general supervisory control of the banks of this State. There are various provisions clothing the superintendent of banks with important power and sole authority to enforce all of the regulations imposed in the State banking act. He may seize the property of banks, and levy assessments on stockholders in such amounts as he decides is necessary to pay the indebtedness of the bank, not exceeding the sum fixed as the par value of a share. In other words, the superintendent of banks is clothed with authority to levy an assessment against any stockholder of the bank, provided the assessment does not exceed the par value of the stock. In this case it is not stated that the amount assessed against the plaintiff, as owner of 15 shares of stock of the Bank of Donalsonville, was not fixed in accordance with the act; but it is averred that the act is unconstitutional upon the ground, among others, that the act conflicts with art. 3, sec. 7, par. 8, of the constitution of Georgia (Civil Code, § 6437), and

therefore an injunction should be granted. This paragraph of the constitution declares that "No law or ordinance shall pass which refers to more than one subject-matter, or contains matter different from what is expressed in the title thereof." After a careful review of the record and full consideration of the briefs of distinguished counsel, we are of the opinion that the language used in the caption of the act of 1919 is sufficient to include every provision of the act which affects or pertains to the right of the plaintiff in this cause. The title of the act is as follows: "An act to regulate banking in the State of Georgia; to create the Department of Banking of the State of Georgia; to provide for the incorporation of banks, and the amendment, renewal, and surrender of charters; to provide penalties for the violation of laws with reference to banking and the banking business; and for other purposes." It is not necessary that the title of an act which plainly states the purpose sought to be attained shall be a synopsis of the entire enactment. The title of the act in this case states the purpose to be the regulation of banking in this State; and therefore any provision tending to conduce to the successful regulation of banking would be germane to the statement contained in the title. And for the same reason the act does not contain more than one subject-matter. *Harrell* v. *Cane Growers Co-Operative Asso.*, 160 *Ga.* 30 (126 S. E. 531). What has just been said applies also to the contention that the act in question is "surreptitious legislation."

But it is contended that the act violates the provisions of art. 1, sec. 1, par. 23, of the constitution of Georgia (Civil Code, § 6379), which declares that "The legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall at the same time exercise the functions of either of the others, except as herein provided." The court is of the opinion that the assignment of error is without merit. It is strenuously insisted, that, the constitution of this State having declared that each of the three departments of government, legislative, judicial, and executive shall be separate and independent of each other, it is not within the power of the General Assembly to create a new and independent department of government which may perform functions both executive and judicial. However, this court has in several instances passed upon the validity of acts establishing new subdivisions of the executive department of govern-

ment and conferring upon them quasi-judicial powers. This is true as to the Public Service Commission, the Agricultural Department, the State School Superintendent, and the Comptroller-general. It is also true that the constitution delegated to the Secretary of State the power of granting charters to railroad, banking, insurance, and telegraph companies. See *Georgia Railroad* v. *Smith,* 70 *Ga.* 694; *Southern Railway Co.* v. *Melton,* 133 *Ga.* 277 (65 S. E. 665). In *Carroll* v. *Wright,* 131 *Ga.* 728 (63 S. E. 260), Mr. Justice Beck, in construing art. 1, sec. 1, par. 23 (Civil Code, § 6379), and art. 6, sec. 6, pars. 1 and 2 (Civil Code, §§ 6520, 6521), of the constitution of this State, and in demonstrating that the performance of the dual duties of the ordinaries of this State did not fall within the inhibition of that provision of the constitution which declares that "The legislative, judicial, and executive powers shall forever remain separate and distinct, and no person discharging the duties of one shall at the same time exercise the functions of either of the others, except as herein provided," made not only an exhaustive review of the decisions of this court upon the subject up to that time, but also a careful research of the concurrent history throwing light upon the proper construction of the constitutional provisions under consideration. These authorities would compel us to hold that the banking law of 1919 is not repugnant to art. 1, sec. 1, par. 23, of the constitution. In addition, the court has held that a judge of the superior court may have ministerial non-judicial duties imposed upon him, and may lawfully perform them without contravening the constitutional mandate. As said in *Carter* v. *Janes,* 96 *Ga.* 280, 283 (23 S. E. 201): "Suppose, instead of naming the judge of the superior court as the person who should pass upon these contested elections, the matter had been referred to a justice of the peace, or the ordinary, not as a judge of the justice's court, nor as a judge of the court of ordinary, but as a simple individual, while, in a certain sense, the exercise of a certain discretion or judgment is involved in the determination of the question, there is no such association between the person and the forum in which he presides ordinarily as would make all of his extrajudicial acts partake of a judicial nature. So the mere reference of these contests to the judge of the circuit did not impose upon him the discharge of a strictly judicial function with reference thereto. Upon the contrary this duty was one which

theretofore pertained, as one of its political functions, to the executive branch of the government, but which, for the public convenience, the General Assembly, without changing the nature of the service, saw fit to impose upon other officials." And so it can be said in the present case that while the superintendent of banks, appointed by the Governor and removable by him, is the head of a subdivision of the executive department, he can not be said to exercise the quasi-judicial functions embraced within the act creating the banking department in a judicial capacity. A writ of error could no more be prosecuted to review the exercise of such a function by the superintendent of banks than could the exercise of discretion on the part of the judge of the superior court as an individual passing upon election contests; and it was distinctly ruled in the *Carter* case, supra, that such review could not be had in the latter instance. See also *Tupper* v. *Dart,* 104 *Ga.* 179 (30 S. E. 624); *Harris* v. *Glenn,* 141 *Ga.* 687 (81 S. E. 1103). Among rulings upon the above see *Beall* v. *Beall,* 8 *Ga.* 210; *Russell* v. *Cooley,* 69 *Ga.* 215; *Johnson* v. *Jackson,* 99 *Ga.* 389 (27 S. E. 734); *Phinizy* v. *Eve,* 108 *Ga.* 360 (33 S. E. 1007); *Mayor etc. of Americus* v. *Perry,* 114 *Ga.* 871 (40 S. E. 1004, 57 L. R. A. 230).

So we are of the opinion that the banking act of 1919 is not invalid because the nature of the duties imposed upon the State superintendent of banks effects a merger of any of the distinct departments of government. If the creation of the office results in the creation of a new department which is inferior to the three primal and essential divisions, the paragraph of the constitution with which we are dealing does not forbid the creation of such departments.

The court is of the opinion that the exception, general in its nature, that the entire act is unconstitutional can not be sustained. The learned counsel for the plaintiff has expended much labor and his remarkable talent in presenting as fully as is humanly possible the various infirmities in the banking act of 1919 which he contends render it invalid and unconstitutional. But it can serve no purpose, other than the consumption of valuable time upon our part and upon that of the profession, to discuss any feature of this case other than those of which we have treated in the preceding parts of this opinion. If there be unconstitutional provisions in the banking act of 1919 by which the plaintiff is in no wise af-

fected, the plaintiff has no cause for complaint which the court can adjudicate. It is a universal rule that unless the entire act which is attacked is unconstitutional, or unless some portion of the act is so vital in its operation as that the purpose and effect of the legislation is destroyed by the invalidity of the feature, the court will preserve in their full vigor the valid portions of the act. In view of the rulings hereinbefore stated, this court is of the opinion that the banking act of 1919 is not void in toto, as insisted by the plaintiff. We have ruled that it is not void as being violative of art. 3, sec. 7, par. 8, of the constitution, which relates to the title. We have ruled that it is not void because it contains matter not referred to in the caption. We have ruled that there is no unconstitutional overlapping of the duties of the three distinct, separate, and independent departments of our State government. After an examination of the record we are satisfied that the only portion of the act the validity or invalidity of which affects the plaintiff is section 20, which provides for the issuance of a fi. fa. by the superintendent of banks against a stockholder. The plaintiff is affected only by this section of the act of 1919. The proceeding under review is one to perpetually enjoin the levy of a fi. fa. issued under the provisions of section 20, supra. The constitutionality of this particular section has frequently been before this court; and ever since the writer's entry upon this bench, beginning with *Bennett* v. *Schwarz,* 154 *Ga.* 885 (116 S. E. 306), the court has been equally divided until the passage of the act of 1925 (Ga. L. 1925, p. 119). This case arose prior to the passage of that act, and under its provisions all such litigation was excluded from its operation. The act of 1925 cured the defects alluded to by the writer in *Bennett* v. *Schwarz;* and consequently, had the Bank of Donalsonville been closed after its passage, we might hold that the trial judge did not err in dismissing the petition of the plaintiff. However, in view of the provision above referred to, and the six Justices of this court being still equally divided in opinion as to the constitutionality of section 20, supra, the judgment of the court in this case is necessarily affirmed by operation of law.

Complaint is also made in the bill of exceptions that the provisions of section 20 of the banking act, as it affects the plaintiff, are in violation of the due-process clause of the fourteenth amendment to the constitution of the United States. As to this

assignment of error three members of the court are of the opinion that the exception is without merit. It is the opinion of the writer, in which Justices Hill and Gilbert concur, that since the plaintiff is not within the provisions of the act of 1925, and is subject to the provisions of the original section 20 of the banking act, the effect of this construction of the law as it affects the rights of the plaintiff only the more strongly presents the unconstitutionality of the original legislation, and amounts to a deprivation of that due process of law which is guaranteed every citizen in the fourteenth amendment to the constitution of the United States, which substantially guarantees that no person shall be deprived of life, liberty, or property without due process of law.

*Judgment affirmed by operation of law.*