GRIFFIN, Ordinary, *v*. TRAPP.

No. 16587.   April 11, 1949.

**180**

*E. J. Clower* and *Vaughn Terrell*, for plaintiff in error.
*Harris & Harris*, contra.

HAWKINS, Justice. (After stating the foregoing facts.) ■ Counsel for both parties state in their briefs that they have been unable to find any decisions by either of the appellate courts of this State dealing with the first question presented, that is whether, in a general election of lawful constable in Georgia where two constables are to be elected and where the official ballot contains the statement "vote for two," an elector or voter may lawfully vote for one of the three candidates running for the two places to be filled, and strike the names of the other two candidates, and have his ballot counted for the one for whom he did vote. We have been unable to find any decision in this State dealing with the precise question here presented, and it appears to be a case of first impression.

The Code, § 24-801, provides: "There shall be two constables in each militia district of the several counties elected by the people of each district who shall hold their offices for four years unless sooner removed." Section 34-2705 provides: "Constables shall be elected at the same place and by the same class of

voters as justices of the peace. The elections for constables shall be held quadrennially on the first Saturday in December, for terms of four years beginning on January 1 following their election." And Code § 34-2706 is as follows: "Constables' elections shall be conducted in the same manner as those of justices of the peace, with the exception that the returns shall be made to the ordinary of the county."

The provisions of the Code with reference to the election of justices of the peace will be found in §§ 34-2701 to 34-2704, and the oath required of the managers of these elections will be found in § 34-1202, which is as follows: "All and each of us do swear that we will faithfully superintend this day's election; that we are ordinaries, justices of the peace, or freeholders (as the case may be) of this county; that we will make a just and true return thereof, and not knowingly permit any one to vote unless we believe he is entitled to do so according to the laws of this State, nor knowingly prohibit any one from voting who is so entitled by law, and will not divulge for whom any vote was cast, unless called on under the law to do so. So help me God."

There is no requirement in the Code sections above referred to, or elsewhere in the law, so far as we have been able to find, that the elector or voter shall or must vote for some one for each place to be filled in order to exercise his right to vote for whom he pleases to fill only one office, even though there be more than one vacancy. One of the most important and sacred rights possessed by an American citizen is to vote for whom he pleases, and to have that vote counted. It is so important and sacred that it is written into the fundamental law of our State in article II, section I, paragraph II of the Constitution (Code, Ann., § 2-702), that "Every citizen of this State who is a citizen of the United States, eighteen years old or upwards, not laboring under any of the disabilities named in this Article, and possessing the qualifications provided by it, shall be an elector and entitled to register and vote at any election by the people."

In referring to this provision of the Constitution, this court, in *Stewart* v. *Cartwright*, 156 *Ga.* 192, 197 (118 S. E. 859), said: "The words, 'shall be an elector and entitled to register and vote at any election by the people,' are unequivocal, and the entire provision amounts to a constitutional guaranty of the right of

suffrage, which, though subject to reasonable regulation, can not be absolutely denied or taken away by legislative enactment. There can not be any doubt that a statute providing for an official ballot for use at a general public election, which prescribes the form to be of such character as will deny the voter his right to vote for whomsoever he pleases, would be violative of the above provision of the Constitution." And in that case and in *Adair* v. *McElreath*, 167 *Ga.* 294, 314 (145 S. E. 841), this court has approved the doctrine that "the legislature can not restrict an elector to voting for some one of the candidates whose names have been printed upon the official ballot. He must be left free to vote for whom he pleases, and the Constitution has guaranteed to him this right."

As pointed out above, we have been cited to no provision of the law which undertakes to require an elector to vote for a specified number of persons in order to be able to vote for one particular person for whom he chooses to vote for a particular office, even if such requirement could be lawfully imposed in a general or State election, and the election for constables has been held by this court to be a State or general election. *Rose* v. *State*, 107 *Ga.* 697, 704 (33 S. E. 439).

The Code, § 34-1903, in making provision for official ballots to be used in primary elections, provides: "On the ballot shall be printed such words as will enable the voter to express his choice, such as 'Vote for one,' 'Vote for two,' and the like"; but there is no requirement there, or elsewhere, that the voter must vote for the total number of persons to be elected in order to have his vote for one particular candidate counted. On the contrary, this same Code section provides: "and the voter or elector shall erase, mark out or cancel the name or names of the candidate or candidates for whom he does not wish to vote." While the following section of the Code, § 34-1904, which deals, among other things, with the preparation of ballots to be used in elections other than primary elections, does not contain this identical language, it does provide: "Said officers shall also have printed on said ballots such language as may be necessary for the voters to express their desires as to any question or matter which may be submitted at any such election. In all other particulars said ballots shall be arranged, printed, and prepared for regular elections as provided in section 34-1903."

Whether the grand jury of Floyd County has made these provisions of law operative in that county does not appear from the record, but they are cited here to illustrate the policy of the law to preserve for the elector his right of free choice. The requirements that the ballot carry the information, " 'Vote for one,' 'Vote for two,' and the like," are for the information and benefit of the elector in exercising his free choice, and the right of the voter or elector to erase, mark out, or cancel the name or names of the candidates for whom he does not wish to vote is there recognized. The right to vote *against* some one is held as sacred by some as the right to vote *for* another, and the fact that an elector exercises both rights at the same time, where the opportunity to do so is afforded, would not render his ballot illegal, and prevent it from being counted. 29 C. J. S. 328, § 227, declares the general rule to be, "All votes cast in the manner specified by law by duly qualified voters must be counted."

Under the foregoing authority, we hold that there is no provision of law in Georgia preventing what is commonly referred to as "single shot" voting in a general or State election for lawful constable, and that it was the clear legal duty of the election managers in consolidating the vote, and of the ordinary in the contest, to count the ballots which were marked for only one candidate, the petitioner, although there were two constables to be elected.

■ The other two questions presented by the record are controlled by the Code, § 34-3001, which provides: "Whenever any contest shall arise over an election of any constable . . . the same shall be filed with, heard, and determined by the ordinary of the county wherein such contest may arise, under the same rules and regulations as to mode of procedure as prescribed in contests where commission is issued by the Governor"; and by the decision of this court in *West* v. *Lewis*, 188 *Ga.* 437, 439 (4 S. E. 2d, 171), wherein it was held: "In hearing and determining an election contest under the provisions of the above section, the ordinary does not act in a judicial or quasi judicial capacity. *Shirley* v. *Gardner*, 160 *Ga.* 338 (127 S. E. 855). In such cases the sole jurisdiction of the ordinary is 'to determine . . whether the person filing the contest, or the one who was declared elected, received the greater number of legal votes, and, in case the con-

testant received it, to declare him duly elected.' *Walton* v. *Booth*, 151 *Ga.* 452 (107 S. E. 63) ; *Simpson* v. *Rimes,* 141 *Ga.* 822 (82 S. E. 291). While the decision and judgment of the ordinary upon the hearing as to which of the candidates received the greater number of legal votes is final and conclusive (*Harris* v. *Glenn,* 141 *Ga.* 687, 81 S. E. 1103; *Robertson* v. *Easley,* 20 *Ga. App.* 258, 92 S. E. 1027; *Carter* v. *Janes,* 96 *Ga.* 280, 23 S. E. 201; *Johnson* v. *Jackson,* 99 *Ga.* 389, 27 S. E. 734; *Caldwell* v. *Barrett,* 73 *Ga.* 604; *Tupper* v. *Dart,* 104 *Ga.* 179, 30 S. E. 624; *Burgess* v. *Friar,* 183 *Ga.* 386, 188 S. E. 526; *Kinman* v. *Monk,* 179 *Ga.* 132, 175 S. E. 458; *Sibley* v. *Park,* 175 *Ga.* 846, 166 S. E. 212), this is not true of a judgment of the ordinary dismissing a contest on demurrer and refusing to hear the same; and where the contest is based on grounds sufficient in law, mandamus will issue to compel the ordinary to hear such contest. *Morgan* v. *Wason,* 162 *Ga.* 360 (133 S. E. 921) ; *Chapman* v. *Dobbs,* 175 *Ga.* 724, 728 (166 S. E. 22). On the other hand, where the petition set out no valid ground of contest, the ordinary may sustain a motion to dismiss the petition. In such case, his judgment being correct, mandamus will not issue to compel him to hear the contest. *Norwood* v. *Peeples,* 158 *Ga.* 162 (122 S. E. 618)."

In the instant case, the ordinary did not hear and determine the question as to which of the candidates received the greater number of legal votes. Had he done so, under the authorities above cited, his decision would have been final and conclusive. See also, to the same effect, *Owen* v. *Butler,* 188 *Ga.* 645 (4 S. E. 2d, 635). Or had the petition for contest set out no valid legal ground therefor, the judgment of the ordinary dismissing the same would not have been reviewable by mandamus. *Norwood* v. *Peeples,* supra. But in this case, instead of hearing and determining the question presented in the contest, he dismissed it on motion in the nature of a general demurrer and refused to hear and determine the same; and under the holding in the preceding division of this opinion, that the contest was based on grounds sufficient in law, mandamus was an appropriate remedy to compel the ordinary to hear and determine such contest. *Morgan* v. *Wason,* supra; *Chapman* v. *Dobbs,* supra; *West* v. *Lewis,* supra.

It having been stipulated that ballots were cast as contended

by the petitioner, and that they were not counted, the trial judge did not err in rendering the judgment complained of and in making the mandamus absolute.

*Judgment affirmed.  All the Justices concur, except Atkinson, P. J., who dissents from the ruling in the first headnote and the corresponding division of the opinion.*